personal estate the sum of £40 lawful money; he applied and obtained liberty from the general assembly to sell real estate to pay said debt, and charges of selling; and in pursuance of said act of assembly sold the demanded premises to the defendant, and gave him a deed dated the 5th of March, A. D. 1775; and now said Richard, Asa and Henry being all dead without leaving issue male; the plaintiff claims this land by force of said deed from his father.

The jury found a verdict for the defendant, which was accepted by the court, for the following reasons.

The deed was a voluntary conveyance for love and good will to his sons and their issue; the grantor remained in the possession taking the use and improvement until his death, and contracted debts for necessaries upon the credit of it, for payment of which this land was sold by the administrator, who then was legal owner of the estates under the sanction of an act of assembly to the defendant, which has put the defendant in the place of the creditors, to Richard the father, and makes him a *bona fide* purchaser for a valuable consideration.

---

## MIDDLESEX COUNTY, DECEMBER TERM, A. D. 1792.

### CONE v. TRACY.

An agreement executed on one part not within the statute against frauds and perjuries.

The consideration expressed in a deed not conclusive upon the grantor, either as to the sum or the payment.

ACTION of the case, declaring that in A. D. 1788 the plaintiff bargained and sold to the defendant his farm, lying in East Haddam, for £140 lawful money, which the defendant agreed to give for it, and then made and executed to the defendant a deed of said farm at the price aforesaid, and thereupon the defendant became indebted and liable to pay to the plaintiff said sum for said farm, and being so liable in consideration thereof assumed and promised, etc. Plea — *Nonassumpsit.* Issue to the jury.

The defendant objected against the plaintiff's introducing any parol testimony to prove said contract because it was in consideration of land, etc.

By the Court. The defendant has got a deed of the plaintiff's farm; the contract is executed on one part, which takes it out of the statute made to prevent frauds and perjuries — the case is not within either the letter or the reason of the statute. The evidence was admitted. The case of Brown and wife v. Clark is in point, determined at the adjourned Superior Court, Hartford December A. D. 1777.

### Town of Killingsworth v. Town of Goshen.

Depositions taken within twenty miles of a known attorney to the adverse party without notifying him, although the adverse party lives more than twenty miles off — not admitted.

Action of *assumpsit* for disbursements and expenditures for the support of one Sarah Carter, a pauper, alleged to belong to the town of Goshen.     Plea — *Nonassumpsit*.     Issue to the jury.

John Allen, Esq. attorney-at-law at Litchfield and attorney to the plaintiffs, lived within six miles of Goshen, of which the defendants were informed and who notified said Allen to attend at the taking of their depositions; afterwards the defendants took supplementary depositions of some of the same witnesses, and also of other witnesses without notifying said Allen — which depositions were objected to because said Allen was not notified, and by the court not admitted.     See Williams v. Fitch, Windham September Term, A. D. 1791.

### Bow v. Parsons, Sheriff.

Parol evidence admitted to prove a witness to be an infidel.

Action for the escape of Gordon Whitmore, who was in prison upon an execution.     Case was defaulted and heard in damages.

The defendant produced a receipt under the hand of the plaintiff given subsequent to the date of said execution, to said Gordon purporting to be for £78, which the plaintiff