JOSHUA CADY and ISAAC CADWELL *against* ABRAM CADWELL:

### IN ERROR.

THIS was a bill in chancery, originally brought to the Superior Court, by *Abram Cadwell* against *Cady* and *Isaac Cadwell.*

It was stated in the bill, that *Isaac Cadwell,* the father of the petitioner, in *October,* 1796, owned and possessed a farm of about 50 acres of land, and a small personal estate, in *New-Hartford ;* that the petitioner had, previous to this time, established himself with a small family in the city of *Hartford,* had erected a shop there, and was pursuing a profitable trade as a cooper ; that his father and mother were old and infirm ; that his brothers and sisters, who were of sufficient age to provide for their parents, were married, had left their father's house, and were established in business for themselves ; that, by the advice and solicitation of his brethren, the father requested the petitioner to sell his property in the city of *Hartford,* and remove, with his family, into his house and family in *New-Hartford,* and take the care of his farm, stock, &c., and also, to provide for, and support his parents, during their natural lives, and to pay his father's

If a contract relating to lands, be executed by one party, the contract itself, and the performance of it, may, notwithstanding the statute of *Frauds,* be proved by parol evidence ; and a court of chancery will, as the equity of the case may require, decree either a return of the money expended, or a specific performance.

But to entitle a party to such relief, the contract and performance, and notice to persons to be affected, who are not original parties, must be fully and distinctly stated, and proved substantially as stated.

debts ; and on condition, that the petitioner should immediately so remove, and take the care and charge of the farm, and proceed in the matters before mentioned, and would, in convenient time, give security for the maintenance of his parents during their natural lives, he would give to the petitioner an absolute conveyance of all his property. It was also stated, that in consideration of the propositions of his father, and a filial concern of his parents, the petitioner immediately sold his estate in the city of *Hartford*, and relinquished his business there, and removed, with his family, into his father's house, and proceeded to manage the farm, and provide for his parents, and continued so to do until the month of *May*, 1806 ; that during the time of his residence with his father, he paid all his debts, amounting to about 120 dollars ; and that during the same period, he paid all the taxes assessed on his father's estate, amounting to more than sixty dollars ; and that the petitioner, soon after his removal to *New-Hartford*, with the expectation that his father would convey to him all his estate, and with his advice and consent, expended three hundred dollars in making useful additions to the house, and in the erection of a new barn on the premises ; and that he had made other great improvements on the farm.

It was also stated, that the father of the petitioner, from time to time, continually had evaded the execution of the contract on his part, and did not convey to the petitioner his farm and estate above mentioned ; that the petitioner was at all times ready to give security for the performance of the contract on his part ; but which his father, from his parental influence and authority, always prevented ; that on or about the 1st day of *May*, 1806, *Isaac Cadwell* received *Cady*, who had married a sister of the petitioner, into his house and family, and committed to him the management of his farm, and forbad the petitioner from any further care or occupancy thereof ; and on the 17th day of *March*, 1807, granted to *Cady* the farm in fee, with all the buildings thereon, and appurtenances thereof ; that the petitioner had expended large sums of money for the maintenance

of his father's family, and that his father was unable to assist him therein; and that *Cady*, by legal process, had ejected the petitioner from the house and farm.

It was also averred, that *Cady*, at the time of the grant before mentioned, had full knowledge of all the facts stated in the bill; and that he, with intent to defraud the petitioner, and under some false pretexts, unknown to him, obtained the grant before mentioned.

The petitioner prayed for a specific execution of the original agreement between him and his father, as stated in the petition, and that *Cady* should be enjoined to reconvey the farm to *Isaac Cadwell*, and to account for the rents and profits, during the time he had been in possession.

The respondents pleaded the statute of *Frauds* in bar; to which plea there was a demurrer, and joinder in demurrer. The plea was, by the Superior Court, adjudged to be insufficient.

In this state of the proceedings, the court appointed a committee to enquire into the facts in the case, and make report.

At a subsequent term of the Superior Court, this committee reported, that in *October*, 1796, *Isaac Cadwell* owned and possessed about 43 acres of land lying in *New-Hartford*, with buildings thereon; that the petitioner, at the same time, resided with a small family in the city of *Hartford*, and had, by his industry, acquired property of the value of one hundred dollars; that the father of the petitioner was about sixty years of age, and that both of the parents of the petitioner were afflicted with bodily infirmities; that in the spring of the year 1796, *Isaac Cadwell* " invited the petitioner to come and live with him in *New-Hartford*, to take care of his farm, himself and family, and pay his debts, and take his property therefor;" that in the autumn of the same year, the petitioner removed from the city of *Hartford*, into his father's house in *New-Hartford*, and with his assistance, continued to take care of the farm, manage his concerns, and provide for their respective families, until the month of *May*, 1806; that the petitioner, with the aid of

his father, erected a barn on the farm, made additions to, and repaired the house, and made some improvements on the farm, the expences of which, after deducting the profits of the farm received by the petitioner, and an allowance for the aid of his father, amounted to 340 dollars; that at the time when the petitioner went to reside in *New-Hartford,* his father was possessed of a small stock of cattle, some farming utensils, and was embarrassed with debts; that the petitioner paid his father's debts to the amount of seven dollars; that on the 17th day of *March, Isaac Cadwell* conveyed the farm to *Cady,* in fee, who immediately went into possession; and that in the summer of 1808, *Cady,* by process of law, ejected the petitioner from the house; that *Cady* had full knowledge that the petitioner had occupied the farm, in the manner stated in the bill, and had provided for and taken care of his father and his family; and also, that he knew it to be the *expectation* of the petitioner and his father, that the petitioner should have the farm; and that the farm was much enhanced in value while in the occupation of the petitioner. All the facts reported by the committee, relating to the agreement and expectations of the petitioner and *Isaac Cadwell,* as stated in the petition, were proved by parol evidence.

The Superior Court accepted the report of their committee; and thereupon, ordered and decreed, that the respondents pay to the petitioner 340 dollars, and full costs. To reverse this decree, the present writ of error was brought.

The errors assigned were,

1. That the Superior Court adjudged the plea in bar to be insufficient.

2. That the report of the committee was accepted; whereas, it ought to have been rejected; because the material facts reported, were proved by parol evidence.

3. That the facts found by the committee, furnish no ground for a decree of a court of chancery, against either of the respondents.

4. That the facts found by the committee, furnish no ground of relief as against *Cady.*

5. That the petitioner has adequate remedy at law.

*Gould*, for the plaintiffs in error, cited 1 *Stat. Con.* 354. 1 *Fonbl.* 359. *Swift's Ev.* 349, 350. *Finch & al.* v. *Earl of Winchelsea*, 1 *P. Wms.* 277, 278. 1 *Pow. Ch.* 195, 231, 237. *Hunt* v. *Harrison*, *Bacon* v. *Pettibone*, *Hoyt* v. *Maltbie*, and *Backus* v. *Bacon*, decided in the Superior Court.

*Daggett*, for the defendant in error.

BALDWIN, J.  Although parol contracts for the sale of lands, are void by the statute, yet, if such contract has been performed on one part, it has long been settled in chancery, that an equity arises from that source, independent of the statute, to compel a performance on the other : and it is no objection, that proof of the contract, and of its performance, rests in parol.  A court of chancery may, indeed, as shall, on the whole view of a case, appear most equitable, decree a return of money expended, or a specific performance.  But to entitle a petitioner to relief, in either mode, he must necessarily shew a contract, and a performance on his part, or at least, of so much as was in his power to perform.

In this case, it appears, that the petitioner has stated his claim, so far as respects his contract, with great caution ; and with still greater caution the averment of his performance ; and the facts found, are far short of the statement in the petition.  No contract or agreement is specifically found ; and even the terms stated and claimed by the petitioner, as the contract, are found not to have been fully performed on his part ; for it appears, he did not pay all the debts of the respondent, *Isaac Cadwell*, nor did he give security for his support.

The petitioner further charges, respecting the respondent, *Cady*, that he became vested with the land in question, with full knowledge of the petitioner's contract, and claim on *Isaac Cadwell*.  To make him liable, such averment was necessary, and it was equally necessary that it should be proved.  On examining the report, the most which is found on the subject, is, that the respondent, *Cady*, knew that it

June, 1811.

was the *expectation* of the petitioner, and the respondent, *Isaac Cadwell*, that the petitioner should have the farm : But it is not found that he knew of any contract. Knowledge of an *expectation* merely, without the facts on which that expectation was raised, is not sufficient to support such a decree.

I am, therefore, of opinion, that notwithstanding the imposing hardship of the petitioner's case, and his just claim for a reimbursement of his expenditures, he cannot obtain them in this way ; and that there is manifest error on this record.

All the judges concurred in this opinion.

Judgment reversed.