## CROCKER *against* HIGGINS and wife.

In chancery, all persons legally or beneficially interested in the subject of a suit, must be made parties; but those who are not thus interested, need not be made parties.

Such interest must be a right in the subject of controversy, which may be affected by a decree in the suit, and not mere desires in relation to such subject.

A person for whose benefit an agreement is made, though not a party to such agreement, may maintain a suit in chancery for its specific performance.

An agreement within the statute of frauds and perjuries, carried into execution on one part, by acts performed with a view to the agreement claimed, is thereby taken out of the statute, and may be proved by parol evidence.

Therefore, where *A.* conveyed land to *B.,* for less than half its value, on condition that *B.* should give a lease of such land to *C.* for life, and deposited the deed with an agent, accompanied by a written *memorandum* directing it to be delivered to *B.,* on payment of the purchase money; *B.* paid the purchase money, and received the deed, and then refused to give a lease to *C. ;* on a bill in chancery brought by *C.* against *B.* to obtain such lease, it was held, 1. that it was not necessary to make *A.* party to the suit; 2. that the suit was properly brought by *C.* ; 3. that the agreement being executed in part, was taken out of the statute of frauds and perjuries, and might be proved by parol evidence; and 4. that *C.* was entitled to the remedy sought.

On a bill in chancery for the specific performance of an agreement, fraud in *Hartford,* the defendant cannot be shewn as the ground of a decree, unless it be sub- June, 1829. stantively averred in the bill.

Crocker
*v.*
Higgins.

This was a bill in chancery for the specific performance of an agreement for the demise of land.

The case stated in the bill, and found by the court, was as follows. On the 29th of *July,* 1825, *Charles Higgins,* one of the defendants, applied to *Daniel Wadsworth,* Esq. for the purchase of the land in question. Mr. *Wadsworth* declined selling it, unless the use of it could be secured to *Elizabeth Crocker,* the plaintiff, during her life. It was then agreed between them, that Mr. *Wadsworth* should convey the land in fee to *Lucy R. Crocker,* a daughter of the plaintiff, who was about to be married to *Higgins,* for the sum of 500 dollars, which was less than half the value of the land, to be paid by *Higgins;* and that *Higgins,* immediately after the execution of the deed, should cause a lease of the same land to be executed to the plaintiff. This agreement was soon afterwards performed on the part of Mr. *Wadsworth,* by a conveyance of the land to Miss *Crocker;* she paying no consideration for it. She was afterwards married to *Higgins,* and continues to be his wife. Application was made by the plaintiff to the defendants, for the lease above mentioned, but they refused to give it, denying the plaintiff's right, and threatening to turn her out of the possession of the land.

To prove the agreement before stated, Mr. *Wadsworth* and two other persons were offered as witnesses. To their admission the defendants objected, founding themselves on a written *memorandum,* signed by Mr. *Wadsworth,* and delivered to *Thomas S. Williams,* Esq., in the following terms : " Whereas *Charles Higgins* has given me his two promissory notes, dated 29th *July* 1825, for 250 dollars each, one payable in six months, and one in twelve months from date ; this may certify, that a deed of the place in *Asylum* street, [describing the land in question,] conveying said place to *Lucy R. Crocker,* is made out and lodged in the hands of *Thomas S. Williams,* Esq. to be delivered to her, upon the payment of said notes. *Hartford, August* 1st, 1825.

*Daniel Wadsworth.*"

It appeared, that Mr. *Williams* received the deed as an escrow ; and upon fulfilment of the condition, on the 3rd of

*April* 1826, delivered it to *Higgins.* The court, notwithstanding the objection interposed by the defendants, admitted the evidence ; and after a full hearing, decreed the premises to be vested in the plaintiff during her natural life, in as perfect a manner as *Higgins* and his wife could have effected, by any proper conveyance.

The defendants moved for a new trial ; and the motion was reserved.

*I. Perkins,* in support of the motion, contended, 1. That the proper parties were not before the court. The foundation of the plaintiff's bill is an agreement entered into between *Daniel Wadsworth* and *Charles Higgins.* Mr. *Wadsworth* being a party to the agreement, ought to be a party to the suit to enforce a specific execution of that agreement.

2. That the plaintiff, not being a party to the agreement, cannot sustain a suit upon it, either at law or in equity. The conveyance was not made to her; she paid nothing ; and has done nothing. *Bartlett* v. *Pickersgill,* 1 *Cox,* 15. cited 4 *East* 577. *Boyd* v. *McLean* & ux. 1 *Johns. Ch. Rep.* 582.

3. That parol evidence was not admissible to prove an agreement by *Higgins* to execute a life lease to the plaintiff. In the first place, the deed executed by Mr. *Wadsworth* must be taken to express the whole contract between the parties. This was an absolute deed, and transferred the entire estate of the grantor to the grantee. An agreement cannot be partly in writing and partly in parol ; for when it is reduced to writing, this is regarded as the best and most certain evidence of its terms and meaning, and every thing before resting in parol becomes thereby extinguished. *Parkhurst* v. *Van Cortlandt,* 1 *Johns. Ch. Rep.* 273. 282. S. C. in error, 14 *Johns. Rep.* 15. 32. *Northrop* v. *Sperry,* 1 *Day* 23. *Movan* & ux. v. *Hays,* 1 *Johns. Ch. Rep.* 339. Secondly, the *memorandum* signed by Mr. *Wadsworth,* related only to the *delivery of the deed,* not to the terms of the agreement. The only condition specified in it, is, that *Higgins* should pay his notes ; and this being done, the estate belongs absolutely to the grantee.

4. That this suit being founded on a contract for the sale of lands, or some interest in or concerning them, is within the statute of frauds and perjuries, and therefore, cannot be sustained. This point is too clear for argument, unless there are some special circumstances in the case to take it out of the statute.

First, will it be said, that fraud, accident and mistake take a case out of the statute ? Be it so. But, in the first place, there is no allegation of either of these incidents, without which the proof was inadmissible. Secondly, the proof admitted did not tend to prove either of them. *Dean* v. *Dean* & al. 6 *Conn. Rep.* 285. *Barkhamsted* v. *Case,* 5 *Conn. Rep.* 528.

Secondly, will it be claimed, that here was a part performance, by virtue of which the case is delivered from the operation of the statute ? Authorities are not necessary to shew, that reducing an agreement to writing, either partially or wholly, is not part performance. Part performance must be of the identical contract alleged, and by such acts of performance as are necessarily to be imputed to that agreement, and cannot reasonably be imputed to any other cause, or admit of compensation without performance. *Phillips* v. *Thompson* & al. 1 *Johns. Ch. Rep.* 131. 149. *Frame* v. *Dawson,* 14 *Ves.* 386. So it has been held, that payment of money is not part performance. *Clinan* v. *Cooke,* 1 *Scho. & Lef.* 40. 14 *Ves.* 388. Nor is possession and cultivation of land ; nor continuance in possession ; nor refraining from doing acts. *Sug. Vend.* 85. 2 *Vern.* 627.

*Sherman* and *W. W. Ellsworth,* contra, insisted, 1. That there was no necessity of making Mr. *Wadsworth* a party. Whatever his wishes may be, he has no interest in the subject of the suit.

2. That as Mrs. *Crocker* has the sole interest, she is the proper party plaintiff. If one receives money for another, the latter may sue for it. The contrary principle was never true in equity ; nor in law, in a case like this. *Schemerhorn* v. *Vanderheyden,* 1 *Johns. Rep.* 140. *Felton* v. *Dickinson,* 10 *Mass. Rep.* 287. 290. *Arnold* & al. v. *Lyman,* 17 *Mass. Rep.* 400. 405. *Com. Dig. tit.* Action upon the case upon Assumpsit.

3. That the parol evidence offered by the plaintiff, was properly admitted. There are two distinct grounds of objection to this evidence ; one at common law, the other by force of the statute of frauds and perjuries.

First, at common law. The objection on this ground, is, that the evidence contradicts or varies the import of the written agreement. But the written agreement in this case is the deed. How is this to be affected by the evidence in question ? We do not deny that this is an absolute deed. We go on the

*Hartford,*
June, 1829.

Crocker
*v.*
Higgins.

ground that it is such ; and it was the intention of all concern-ed, that it should be.    The deed purports to convey the entire estate to *Lucy ;* and we say it did.    Now we propose to go one step further, and shew what *Lucy* was to do on her part ; *viz.* that after the entire and absolute estate was vested in her by the deed, she should execute a life-lease to her mother.    At common law, surely such an agreement might be proved by parol.    In *Dean* v. *Dean* & al. 6 *Conn. Rep.* 285. the evi-dence went to contradict the deed ; to make it a different in-strument from what it purported to be.

Secondly, this case is delivered from the operation of the statute of frauds and perjuries, by part performance.    The deed was executed and delivered to *Lucy,* in faith of her agreement to execute a life-lease to the plaintiff.    To sanc-tion her refusal to perform on her part, would be to promote, and not to prevent, fraud.    *Newl. Contr.* 181. *c.* x.

4. That the fraud of the defendants, in this case, was, of itself, a sufficient ground for the interposition of a court of chancery.

HOSMER, Ch. J.    No fraud is ascribed to the defendants in the plaintiff's bill ; and consequently, none can be imputed to them.    However sustainable the allegation of fraud might be, had it been made, it would be going wide of the issue, and take the defendants by surprise, if it were presumed, or admitted to be proved.    Executors of *Everston* v. *Miles*, 6 *Johns. Rep.* 138.    *Dean* v. *Mason,* 4 *Conn. Rep.* 428.

The case, then, is restricted to the single point, whether the contract, if legally proved, ought to be specifically decreed.

To this three objections have been made by the defendants.

It was first said, that Mr. *Wadsworth* ought to have been made a party to the bill.

It is a well established principle in chancery, that all persons legally or beneficially interested in the subject of a suit, must be made parties.    The converse of the rule is equally clear, that they who are not thus interested need not be made parties. *Coop. Eq. Plead.* 33—39.    *Wendell* v. *Van Rensselaer,* 1 *Johns. Ch. Rep.* 344, 349.    *Wiser* v. *Blachly,* 1 *Johns. Ch. Rep.* 437. *Brown* v. *Ricketts,* 3 *Johns. Ch. Rep.* 553. 555.    By interest, it is observable, is meant something more than is comprised in the most ardent wish or partial feeling.    It implies a *right* in the subject of controversy, which a decree, more nearly or re-motely, may affect.

The question then, arises, what right of Mr. *Wadsworth*, will be affected, by the specific execution requested. He voluntarily conveyed his whole property in the premises, and claims nothing in the land. By a decree of the court, whether it be for or against the plaintiff, he, neither gains nor loses. Clearly then, he has no interest in the subject of the controversy.

The objection confounds the wishes and feelings of this gentleman with his interest in the question now controverted. As a man of honour and benevolence, he undoubtedly, must be influenced by a desire, that his generous donation to the plaintiff should not be frustrated, and that every ineqitable effort against her, should be unsuccessful. This, however, is not an interest, which, in the case of a witness, would go to his competency, but is a bias only, that would operate on his credibility. I perceive no reason why Mr. *Wadsworth* should be made a party to this suit.

2. It was, in the next place, objected, that the plaintiff, not being a party to the agreement made with Mr. *Wadsworth*, although beneficially interested, could not compel its specific execution.

It is at law a general rule, that the action shall be brought in the name of the party, whose legal right has been affected ; and in chancery, that the plaintiff must have an interest in the subject of the suit, or a right to the thing demanded. 1 *Chitt. Plead.* 1. *Coop. Eq. Plead.* 166.

The principle presents this enquiry, whether the plaintiff, on the facts averred by her, has right or title to a lease for life in the premises. Under the circumstances of the case, this is a very unexpected question. Land is conveyed, by Mr. *Wadsworth*, to one of the defendants, for less than half its value ; the deed is accepted ; and the act of acceptance necessarily comprises a promise, that the grantee will perform the prescribed condition, by giving to the plaintiff a lease for life.

Even in a court of law, where the question is embarrassed, by considerations somewhat artificial and technical, it is now established, that a third person may maintain a suit on a parol promise, made for his benefit, although he is not a party to the contract. *Dutton* v. *Pool*, 2 *Lev.* 210. *Martin* v. *Hind*, *Cowp.* 437, 443. *Company of Feltmakers* v. *Davis*, 1 *Bos. & Pull.* 98. 102. *Schemerhorn* v. *Vanderheyden*, 1 *Johns. Rep.* 139. 140. *Arnold* & al. v. *Lyman*, 17 *Mass. Rep.* 400. 405. *Com. Dig. tit.* Action upon Assumpsit. E. a. In other

words, it is a decided point, that such person has a legal right or title arising out of the promise. But in equity, where a title or right, if it be *ex æquo et bono*, is fully recognized, it would be passing strange, if the objection were admitted to prevail. The refusal of the defendants to do the stipulated act, is unjust and fraudulent; and the right of demand in the plaintiff is as clear as the principles of natural justice and equity can make it. The delivery of the deed to Miss *Crocker* is precisely analogous to the putting in her hands of a sum of money. Suppose this had been done, on the condition that she should deliver it for use to the plaintiff, for and during her natural life. No doubt would exist that she might sustain the equitable action for money had and received, to recover the money. As little is it to be questioned, that in a proper case, she might maintain her action at law, on the promise made to Mr. *Wadsworth*, for her benefit; or that she may support this bill in chancery for an appropriate remedy in this court.

The cases cited for the defendants evince nothing in their favour. *Bartlett* v. *Pickersgill*, 1 *Cox*, 15. proved only, that parol evidence is inadmissible to show, that a party who agreed for the purchase of an estate, in his own name, had in fact purchased it on the behalf of another person. At the same time, it was declared by the chancellor, if the plaintiff had executed the contract on his part, he would have admitted the evidence; and this makes the case a precedent for the plaintiff. In *Boyd* v. *McLean* & ux. 1 *Johns. Ch. Rep.* 582, it was adjudged, that facts indicating a resulting trust, may be proved by parol. These, the only determinations referred to by the defendants, so far as they have any relevancy, are against them.

The objection made to the plaintiff's right, unquestionably is without support.

Lastly, it was objected, that it is inadmissible to prove the plaintiff's case, by parol evidence. This objection derives no support from the statute of frauds and perjuries; nor has it been much pressed. For the principle is well established, that agreements carried into execution on the one part, where the acts done are performed with a view to the agreement claimed, are not within this statute. *Sug. Vend.* 72. *Newl. Cont.* 181. *Phillips* v. *Thompson* & al. 1 *Johns. Ch. Rep.* 131. *Parkhurst* & al v. *Van Cortlandt*, 1 *Johns. Ch. Rep.* 273. *Clark* v. *Brown* & ux. 1 *Root* 77. *Ives* v. *Gilbert*, 1 *Root* 89. *Noyes* v. *Moore*, 1 *Root* 479. *Downey* v. *Hotchkiss*, 2 *Day* 225. *Cady*

& al. v. *Cadwell*, 5 *Day* 67. And that the contract in this case was performed precisely with this view and intent, there has not been, nor can there be, any controversy.

The objection to the making out of the plaintiff's case, by parol proof, rests exclusively on this foundation, that the evidence offered is in contravention of the *memorandum* given by Mr. *Wadsworth* to Mr. *Williams,* relative to the delivery of the deed. This writing is supposed, by the defendants, to be an agreement between the parties ; and that the proof offered in establishment of the contract, that a lease for life should be given to the plaintiff, is in opposition to such agreement. If such is the character of the parol proof, undoubtedly it is inadmissible : For the principle is unquestionably established, that parol evidence is never competent to supersede that which is in writing, or to contradict or vary it, in any degree. *Vid.* 3 *Stark. Ev.* 997. *& seq.*

But the transaction was entirely misconceived. In the first place, it was no agreement between the parties. It was merely a precautionary measure, taken by the grantor, Mr. *Wadsworth,* in order to coerce the payment of the consideration money, and to secure himself, by directing his agent not to deliver the deed until the money should be paid.

In the next place, if it were an agreement, there is nothing in the parol evidence, tending, in the slightest degree, to contravene it. The agreements, if such they were, relate to different subjects. The contract on which the plaintiff founds herself, regards the consideration for the land, and nothing else ; while the one supposed to be comprised in the *memorandum,* relates merely to the *delivery* of the deed. The parol evidence does not deny, that the deed was not to be delivered until the promissory notes of *Higgins* were paid ; but it proves, that on the delivery of the deed, *Lucy R. Crocker* was to execute to the plaintiff a lease of the land in question, for and during her natural life.

The objections made by the defendants are entirely without support.

It follows, as an undoubted consequence, that the determination of the court below has done complete justice to the parties, and that a new trial ought not to be granted.

PETERS, DAGGETT and BISSELL, Js., were of the same opinion.

Crocker
*v.*
Higgins.

WILLIAMS, J. gave no opinion, having been of counsel in the cause.

New trial not to be granted.