J. W. SHELDON, ADM'R, *v.* MITCHELL PREVA.

[In Chancery.]

*Statute of Frauds.   Part Performance.   Sale of Growing Trees.*
*Contract not to be Performed within a year.   Injunction.*
*Parol Contract.   Parol Evidence.*

The bill charged the defendant with entering upon and cutting and removing standing wood, &c., from the timbered lands owned by the orator's intestate, and prayed for damages and a perpetual injunction. · The defendant admitted the charge, and justified under a parol contract. The master found such contract; and that by it the defendant was to clear eighty acres of said land,—ten acres the first year, and then five each year,—and was to have the wood in payment; that he had performed for three years, and claimed the right to continue; that he had expended somewhat in teams, &c., in preparation; and, at the intestate's request, that he had cleared that part culled of timber, and so less remunerative; *Held,* (1) that parol evidence was admissible, at least to prove a license, which would be a defence to the trespass; (2) that the contract was within the statute of frauds, *as it was not to be performed within a year,* and that the defendant had not so far performed that he had any enforceable rights under the unexecuted portion of the contract; (3) but before the injunction is granted, the orator should do equity in respect to the executed portion, *i. e.,* make the defendant whole.

BILLS IN CHANCERY.   Heard on bill, answer, and master's report, September Term, 1883, Orleans County.  REDFIELD, Chancellor, dismissed the bill.

*J. L. Lewis* and *C. A. Prouty,* for the orator.

An injunction will be granted to stay the cutting of timber: Story Eq. J. 929; even if one threatens to cut: Story Eq. J. 862.  The orator or his intestate had a right to stop

the performance of the contract. *Derby* v. *Johnson*, 21 Vt.
17; *Danforth* v. *Walker*, 37 Vt. 239. Parol evidence was
not admissible. The right to go upon another's land and cut
and take away growing trees is an interest in land, which
can only pass by a written memorandum. *Buck* v. *Pickwell*,
27 Vt. 157; *Owen* v. *Field*, 12 Allen 457; *Giles* v. *Simonds*,
15 Gray, 441. The defendant has not had the requisite
possession. Bro. Fr. 473–4. There was not such part per-
formance as would necessarily show any contract at all
as to the timber now standing. Bro. Fr. 455. An action
at law would afford full and complete relief. Bro. Fr. 452.
But the contract was not to be performed within one year,
and was clearly within the Statute of Frauds. *Boydell* v.
*Drummond*, 11 East, 142; *Herrin* v. *Butters*, 20 Me. 119;
*Foote* v. *Emerson*, 10 Vt. 338; *Parks* v. *Francis*, 50 Vt. 626;
Bro. Fr. 439.

*Crane & Alfred* and *H. C. Wilson*, for the defendant.

A parol contract, though for an interest in lands, and in-
operative at law under the Statute of Frauds, will be en-
forced in equity, when the parties have acted under it, and
there has been a substantial part performance by one or
both. *Pym* v. *Blackburn*, 3 Ves. 38; *Eaton* v. *Whitaker*, 18
Conn. 222; 3 Ves. 381, *n.; ex parte Harper*, 19 Ves. 479; *Phil-
lips* v. *Thompson*, 1 Johns. Ch. 149; *Buck* v. *Pickwell*, 27 Vt.
157. All the defendant's labor in clearing the land was per-
formed under the contract; all his acts are unequivocally ref-
erable to the contract, and were done with the direct view to
the performance thereof. His possession was open, notorious,
and exclusive. *See Frame* v. *Dawson*, 14 Ves. 385; *Crocker*
v. *Higgins*, 7 Conn. 348; *Ungley* v. *Ungley*, 22 Moak Eng.
Rep. 535; *Byre* v. *Romaine*, 2 Edw. Ch. 444; 1 Sandf. Ch. 46.
The defendant has made permanent improvements on the
land, which were beneficial to the intestate. The defendant
can only be protected in a court of equity.

REDFIELD, J., in *Hall* v. *Chaffee*, 13 Vt. 150; *Eaton* v.

*Whitaker, supra;* Story Eq. J. s. 761 ; Bro. Fr. 447; *Tilton* v. *Tilton,* 9 N. H. 385.

The opinion of the court was delivered by

VEAZEY, J.   The orator, as administrator of L. P. Gallup's estate, charges that the defendant entered upon the timbered lands of the orator's intestate in May, 1882, and began cutting and removing the standing wood and timber thereon, without leave or license from any source, and against prohibition, and refused to desist when commanded, but threatened to continue.   The bill charged and prayed for damages, and an accounting and injunction.   The ground of invoking equity jurisdiction, as stated, was that the future injury could not be fully compensated in damages, that the right of the orator could not be fully determined by a court of law, and that future damages could not be determined without multiplicity of suits.

The defendant answered, admitting the act charged, but justifying under an alleged contract with Gallup in his lifetime to clear the wood and timber from eighty acres and prepare the land for cultivation.

The cause was referred to a special master, who found and reported such contract, but it rested in parol; also that the contract was entered into in 1878; that defendant was to clear and prepare ten acres the first year, and at least five acres each year thereafter until completed; that he was to have the wood and timber in payment; that he had gone on for three years and performed according to the agreement and was ready and claimed the right to complete the contract; that he had expended somewhat in teams, &c., in preparation, and had cleared that part at Gallup's request which had been culled of timber and therefore afforded less remuneration to the defendant than the balance would afford, in proportion to the work done and to be done.

On the filing of the bill a temporary injunction was

granted, and the orator now only seeks to have that made perpetual.

The first position taken by the orator's solicitor is, that the evidence, upon which the master found and reported the contract, was inadmissible; because, as the solicitor insists, it proved a contract which is void under the Statute of Frauds, as it was not to be performed within one year. even if not regarded as a contract for an interest in land. This evidence, being in parol, was all seasonably objected to. The master has reported a contract not void, but simply not enforceable by action, unless it can be enforced by reason of part performance.

We think the evidence was admissible, if not to establish an agreement that would be enforceable when established, yet because a parol license is a good defence as against a charge of trespass, as this was in substance. The bill goes upon the ground of a wrongful possession by a stranger, and prays for both damages and injunction. It has often been held that possession is evidence that there was some contract; and is such cogent evidence as to compel the court to admit evidence of the terms of the contract in order that justice may be done between the parties. *Ungley* v. *Ungley*, L. R. 5 Ch. D. 887; *Frame* v. *Dawson*, 14 Ves. 385; *Crocker* v. *Higgins*, 7 Conn. 348.

Treating the contract as having been legally proven, and as being within the operation of the statute, which the defendant has not controverted in argument, has there been such part performance as to entitle the defendant to the right to complete the performance?

The primary subject matter of the contract was labor. The contract was purely executory. Under it the defendant had no right to the exclusive possession of the land upon which the timber was standing. As far as the defendant cleared the land, so far the wood and timber vested in him; but as far as the land was not cleared, the contract remained executory. He had no possession of the land except

as he entered upon portions from year to year for the purpose of clearing. There could be no performance by the defendant except from time to time. Payment constantly attended the performance. The improvements resulting from the labor were on the orator's land and for his benefit. The defendant's possession was not that of a purchaser, nor were the improvements for his benefit; neither did he lack in compensation for making them. If the land already cleared and worked at orator's special request has not yielded a due proportion of the whole timber to the work done as compared with what remains to be done under the contract the loss thereby to the defendant can be ascertained.

The case therefore lacks the features essential to bring it within the rule, that, where possession has been taken under a parol contract for the sale of an interest in land, and there has been such part performance that the *purchaser* cannot reasonably be *compensated in damages*, the case is taken out of the Statute in Equity, so that the contract will be specifically enforced.

As the contract was not to be performed within a year, we think the same result follows whether or not it is regarded as a contract for an interest in land. No other ground of defence is suggested, except the general ground that an injunction would aid the orator in a fraud. This suggestion can have reference to a moral aspect only, as it can hardly be said, in legal point of view, that a party has suffered a wrong whose legal rights have in no respect been invaded.

As the defendant had no enforceable right as to the unexecuted portion of this contract when the implied license to the defendant to enter upon the land to continue performance was revoked, the orator only exercised his legal right in making revocation. But as he now seeks to enforce that right in equity, he should do equity in respect to the executed portion of the contract. If the defendant has made expenditures in preparation to perform the contract, and

has failed to receive just compensation for what he has done under the contract by reason of clearing portions of land at the orator's request that were culled of timber, the defendant should be made whole in these respects before the orator should receive the relief prayed for.

The *pro forma* decree of the Court of Chancery is therefore reversed, and the cause remanded with a mandate in accordance with the above views.