MARY REAGAN AHERN v. WILLIAM LEE REAGAN

SUPERIOR COURT      NEW LONDON COUNTY      FILE No. 16613

Memorandum filed June 22, 1946.

Hull, McGuire & Hull, of New London, for the Plaintiff.

Griswold Morgan, of New London, for the Defendant.

TROLAND, J. On March 25, 1930, Ellen Lee Reagan, of New London, was the owner of a certain lot of land with a dwelling house thereon, located on Belden Street, New London.

Ellen Lee Reagan was the widow of John S. Reagan, late of New London, and was on said date, and for a number of years prior thereto had been, making her home in said dwellinghouse with two of her children, the plaintiff and the defendant, in a close family relationship of mutual trust and confidence. On March 25, 1930, Ellen Lee Reagan, on returning to her home from a business trip to town, stated to her children, the plaintiff and the defendant, that she had signed her home over to them but that they could not put her out as she was to have the life use of the house and if anything ever happened to her she was to have it to pay her bills. Neither the plaintiff nor the defendant made any response to this declaration.

On the following day their mother caused the quitclaim deed which she had signed to be recorded in the land records of New London. After being recorded, the deed was returned to Ellen Lee Reagan and was retained by her and not even seen by either the plaintiff or the defendant for more than fourteen years. The plaintiff and the defendant were both unaware of the actual terms of the deed, which recited that it was for valuable consideration, and was an absolute conveyance of title without any express reservations. In fact, no valuable consideration passed from the grantees to their mother and there was no undertaking or promise on the part of either of them except that to be fairly inferred from their silence when their mother made to them the declaration set forth in substance above.

Ellen Lee Reagan continued to live in her home, managed it, and paid bills such as taxes, repairs, etc., until on or about November 8, 1944, when she became so ill that she required hospital care and attention.

At or about this time Ellen Lee Reagan, realizing she was seriously ill, delivered to the plaintiff an envelope containing her insurance papers, her cemetery deeds, and the deed to the house which is in issue in this case. Ellen Lee Reagan was removed to a hospital on November 8, 1944, and has been seriously ill and in a hospital or a nursing home from that date to the time of trial of this case.

The property conveyed by Ellen Lee Reagan to the plaintiff and the defendant is worth approximately $4000. It is encumbered by a mortgage of $500 held by the estate of William H. Reeves. From the time Ellen Lee Reagan was taken ill to the time of trial, the plaintiff had arranged for the payment of her mother's expenses to the amount of $2934.38, relying on and expecting to be reimbursed from the sale of the property. The defendant has paid no bills on his mother's behalf. The defendant testified on the trial, however, that he wanted the property used for the support of his mother.

The court finds that on March 25, 1930, a confidential relation existed between the grantor, Ellen Lee Reagan, and her grantees, the plaintiff and the defendant, because of family relationship which then and there justified Ellen Lee Reagan in the belief that the plaintiff and defendant would both act in her interest; because of this relationship a constructive trust is imposed upon the land then conveyed and Mary L. Reagan Ahern and William Lee Reagan now hold said land upon said trust for Ellen Lee Reagan and should carry it out for her benefit. Restatement, 1 Trusts, § 44; Restatement, Restitution, § 182.

The conduct of all the parties to the transaction is inconsistent with the absolute conveyance of the property as appears in the deed, and is consistent with the retention of a beneficial interest in the mother in accordanec with her statement to the children the day before the deed was recorded by her. The mother (grantor) continued for over fourteen years to occupy the premises and exercise dominion over them. The children (grantees) permitted and acquiesced in this dominion. The plaintiff has expended money for her mother's benefit relying on the understanding that such expenses of her mother were to be paid from the property.

This conduct of the parties in this case, attending and following the giving of the deed, was referable to and consistent with the oral declaration of the grantor on March 25, 1930, and wholly inconsistent with the provisions of the deed, and so distinguishes this case from cases of *Andrews* v. *New Britain National Bank,* 113 Conn. 467, and *Hanney* v. *Clark,* 124 Conn. 140, relied upon by the defendant in invoking the Statute of Frauds and denying that equity has power to make a trust enforceable under the facts of this case.

A trustee of an oral realty trust can always perform the trust duties if he or she wishes to do so. Restatement, 1 Trusts, § 43. One trustee has elected to perform the trust duties, and pending the sale of the property she has made expenditures, for which she is entitled to be reimbursed, totaling $2934.38.

Judgment may enter finding the issues for the plaintiff in accordance with this memorandum, and directing that the property described in paragraph 1 of the complaint be sold by a committee of sale, appointed by this court, that the proceeds of sale be paid into court and, after the deduction of the expenses of the sale, the clerk's fees, and payment to the estate of William H. Reeves, late of New London, of the balance due on the mortgage held by said estate, the remaining funds be paid by the clerk as follows: $2934.38 to Mary Lee Reagan Ahern, as reimbursement for expenses and obligations incurred by her, and any funds reamining to Mary Lee Reagan Ahern and William Lee Reagan, as trustees for Ellen Lee Reagan.

No costs to be taxed.