BARNETT S. TARANTUL v. FREDERICK A. SPOLANF ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 80086

Memorandum filed July 20, 1949

*Daniel Morgan* and *Harry Bernblum,* of New Haven, for the Plaintiff.

*J. Kenneth Bradley,* of Bridgeport, for the Defendants.

O'SULLIVAN, J. I note for the first time, as I review the file, the presence of a motion for permission to amend the plaintiff's answer to the amended counterclaim of the unnamed defendant, Mrs. Spolane. This motion was filed long after the trial ended. Under all the circumstances the motion ought to be and is denied.

To detail the proven facts would, I fear, consume far too much paper space. Suffice it to say that I am satisfied that Tarantul loaned $4000 to the named defendant. I am further satisfied that the latter has proven, under his counterclaim, that he rendered valuable services to the former under such circumstances that the law will imply a promise to pay therefor the reasonable value, which I believe should be evaluated at $1000. The named defendant's legal liability to the plaintiff, then, is $3000, to which should be added interest from the date of suit, to wit: July 26, 1947. This totals $3355, for which judgment may enter for the plaintiff against the named defendant.

Under the second count, the plaintiff seeks, among other things, a decree that, in so far as he is concerned, certain property located in Ridgefield, title to which is recorded in the name of Mrs. Spolane, is in fact the property of Spolane, held by her as trustee for him, a situation requiring such relief in satisfying any judgment he may obtain against Spolane as equity should permit. This relief is sought for various reasons alleged in the second count. Among these is one to the effect that the property in question was purchased by the named defendant but was taken in Mrs. Spolane's name for the purpose of defrauding the former's creditors. The evidence has established that this transfer was made while Spolane was insolvent and that his actual intent in placing the property in his wife's name was to hinder, delay and defraud his creditors, including the plaintiff. Mrs. Spolane, I should add, was guilty of no fraud, either actual or constructive, in this transaction. Although a husband may give property to his wife, if his existing creditors are thereby hindered or delayed, the property can be subjected to judgments obtained by them. *Salmon* v. *Bennett,* 1 Conn. 525, 544, 546; *Quinnipiac Brewing Co.* v. *Fitzgibbons,* 71 Conn. 80, 85. The circumstances developed by the evidence are such as to make this principle applicable to the property owned by Mrs. Spolane.

Mrs. Spolane, however, has pressed a counterclaim wherein she alleges that Tarantul orally agreed to buy the property from

her for $25,000 and that he has given $1000 as a deposit upon the purchase price. This I find to be true. No memorandum was signed by Tarantul and consequently her claim for specific performance or damages runs counter to the Statute of Frauds. She seeks, however, to escape the effect of the statute on two theories: (1) that part performance avoids the bar of the statute and (2) that equity requires the plaintiff, who is seeking equity, to do equity.

Mrs. Spolane has failed to prove part performance. The acts upon which she must rely are her own acts or those of her authorized agent. *Hanney* v. *Clark*, 124 Conn. 140, 148. The acceptance by her of the deposit is concededly insufficient under our decisions to establish part performance. *McMahon* v. *Plumb*, 88 Conn. 547. The same is true of claimed other acts of Mrs. Spolane. They were either preliminary or of such a nature as not clearly to refer to some agreement existing between the parties. *Santoro* v. *Mack*, 108 Conn. 683, 691, 692. Part performance has not been established.

But, says Mrs. Spolane, as Tarantul is seeking equity, he should be required to do equity. This claim presents the proposition that, where an oral agreement for the purchase of realty cannot be enforced at law because of the lack of a proper memorandum nor taken out of the statute by part performance, it nevertheless should be enforced in equity under the maxim upon which Mrs. Spolane relies. I take it that, in an unusual set of circumstances such as are here disclosed, affirmative relief may be accorded notwithstanding this defendant would be precluded from obtaining it if she were the plaintiff. *Evans* v. *Tucker*, 101 Fla. 688. The law recognizes the validity of the oral agreement even though it denies its enforceability because of the statute.

Tarantul has invoked the equitable jurisdiction of the court. He is seeking to have Mrs. Spolane's property held to answer to her husband's debt. The money which Mr. Spolane had borrowed was used to buy the property in question. The property, then, is a part of the subject-matter of the litigation. In other words, Mrs. Spolane is the owner of the property because it was acquired, at least in part, by the use of the loan for which Tarantul is now suing Spolane. The maxim under consideration is applied where the adverse equity to be secured or awarded grows out of the very controversy before the court, or out of such transactions as are part of its history, or where it is so connected with the cause in litigation as to be presented in the pleadings

and proof, with full opportunity afforded to the recriminated party to explain or refute the charges. 2 Pomeroy, Eq. Jur. (5th Ed.) pp. 59-60. Indeed, Connecticut appears to take a broader view in requiring a seeker of equity to do equity in relation to collateral matters between the parties. *Scripture* v. *Johnson*, 3 Conn. 211, 213; *Chamberlain* v. *Thompson*, 10 *Conn.* 243, 251; *Lomas & Nettleton* v. *Isacs*, 101 Conn. 614, 625.

As the oral agreement is certain enough in its terms, equity should, therefore, compel Tarantul to carry it out or to make good any loss which his breach has caused Mrs. Spolane, unless there is merit to his further claim that Mrs. Spolane has unclean hands. This claim is grounded on an unproven fact, namely, that Mrs. Spolane was guilty of fraud in acquiring the property. As indicated previously, the opposite is true. She was guilty of no fraud whatsoever.

As complications would arise if the judgment of this court should compel Mrs. Spolane's property to respond to the debt of her husband and, at the same time, require Tarantul to carry out his oral bargain to purchase it, equity may best be reached by an award of damages.

But this brings me to the conclusion that Mrs. Spolane has, in fact, suffered no damage. She received $1000 as a deposit and the damage for the breach I find to be the same sum. This may seem an anticlimax after so long a discussion upon the subject. Its justification lies, perhaps, in the hope that the conclusion I have reached will prevent future litigation concerning the $1000 deposit.

Judgment may enter for the plaintiff to recover $3355 from Spolane and that satisfaction thereof may be had from the property in Ridgefield standing in Mrs. Spolane's name.