[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO INTERVENE
The Save Our Cinema (SOC) Motion to Intervene is denied.
Despite its goal to preserve the Cheshire Cinema for the cultural benefit of Cheshire residents, the SOC's motion does not meet any of the criteria as stated in Horton v. Meskill, 187Conn. 187 (1982).
This case can be distinguished from all of the cases cited in SOC's motion. This matter is a private dispute between two private parties, Sand Dollar Development Group, LLC, and Peter Michael, Inc., in which the ownership of a parcel of land on which the movie theater sits is at issue. In all cases cited by the movant, a public factor was present, be it a violation of planning and zoning regulations, a closure of a public highway, or education. CT Page 914
In Paige L. Hiland et al v. Howard S. Ives, HighwayCommissioner, et al, 28 Conn. Sup. 243, 245 (1966), the court found that citizens who wished to intervene in a case in which a portion of a park was taken for a highway had no standing.
The court stated:
 Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. 39 Am.Jur., Parties, § 10. He must show that the purpose of the action is to obtain redress for an injury he has suffered or to prevent an injury he may suffer. Waterbury Trust Co. v. Porter, 130 Conn. 494, 498. He must show "something more than is comprised in the most ardent wish or partial feeling." Crocker v. Higgins, 7 Conn. 342, 346. In the absence of statute, to require a court to intervene in a controversy the challenged action not only must affect the legal interests of a person but must do so with sufficient directness. Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 152 (concurring opinion of Frankfurter, J.).
In Horton v. Meskill, supra at 192, the court cited five factors to be considered in weighing "permissive intervention." Since movant's motion is unclear as to which portion of the case it wishes to enter, the court, by way of clarification, finds that SOC does not meet the criteria to intervene in any portion of the case. As concerned citizens, members of SOC may be called as witnesses, as they already have, in the hearing on the defendant's writ of audita querela.
While SOC's interest in the preservation of a movie theater has piqued the interest of Cheshire citizenry, the result, regardless of which party prevails, might show the SOC's efforts to be quixotic.
The town has ordered its demolition, independent of any court action, based on public safety issues. Even if the town's officials reconsider, the prevailing party may raze the movie CT Page 915 building. SOC would have no legal standing to halt the demolition because the structure is privately owned. The corporate owner could use the land as it wishes within Cheshire's planning and zoning regulations. SOC has no more discernible, tangible, or legal interest in the outcome than that of other interested spectators.
Further, the defendant is this case is adequately represented, and in no way would SOC's presence in this case affect the outcome.
The court need not consider issues of the timeliness of the intervention nor of the delay in the proceedings because of its findings stated above.
BY THE COURT
Edward J. Leavitt, J.