DEAN *against* DEAN and others.

</div>

<div style="text-align:right">

| 6 | 285 |
|---|---|
| 58 | 521 |
| 6 | 285 |
| 59 | 143 |
| 6 | 285 |
| 66 | 499 |
| 6 | 285 |
| 75 | 6 |

</div>

An express trust in relation to land, conveyed, by an absolute deed, expressed to be for a valuable consideration received, cannot, in the absence of fraud, accident and mistake, be proved by parol; such evidence being precluded, both by the principles of the common law, and by the statute of frauds and perjuries.

Therefore, where *A.* conveyed land to *B.*, by an absolute quit-claim deed, expressed to be for a valuable consideration received, upon an agreement between them, that it should be held in trust by *B.*, for the use and benefit of *A.*, and that a writing declaring the trust should be thereafter executed ; but though *B.* always acknowledged the agreement, and was solicitous to have the writing executed, yet owing to negligence and accident, or some unaccountable cause of delay, it was postponed, from time to time, until the death of *B.* ; it was held, on a bill in chancery brought by *A.* against the heirs of *B.*, to compel them to execute a declaration of the trust, or to convey their legal title, that in the absence of fraud, accident and mistake, neither of which was explicitly averred, the plaintiff could not prove by parol, the agreement and facts alleged.

A resulting trust, (which is excepted out of the *English* statute of frauds and perjuries) is a trust accruing by operation of law.

*Qu.* Whether the vendor of real estate has, in equity, a lien thereon, for the purchase money unpaid, as against the vendee and his heirs.

This was a bill in chancery, stating the following case.

Many years ago, *Simeon Dean*, the father of the plaintiff, died, leaving to him a valuable farm in *Ashford ;* of which he took possession under a quit-claim deed from his mother. Being a man of feeble understanding, incompetent to the management of a farm, he was advised, by his friends, to convey it to his sister, *Tamesin Stoddard*, in trust, for the use and benefit of himself, his heirs and assigns. In pursuance of this advice, he, on the 24th of *November*, 1820, executed a deed of release, in common form, to *Tamesin Stoddard*, conveying to her, and her heirs and assigns, forever, all his right and title to the farm. This was done, as expressed in the deed, "for divers good causes and considerations, especially for the consideration of 800 dollars, received to his full satisfaction of the grantee," but in fact without any consideration. At the time of the execution of

Windham,
July,
1826.

Dean
*v.*
Dean.

this deed, it was agreed between the parties, that it should be made absolute, but that, at a future period, a formal instrument should be drawn, by some competent person, declaring that such deed was executed to her solely with a view to keep the property for the plaintiff's use and benefit, and for the use and benefit of his heirs and assigns forever; and that if she should pay to the plaintiff any sum of money, it should constitute a lien on the estate in her hands, but that she should have no interest or claim, for her own benefit, beyond the amount of such advancements as she might make for the plaintiff. Ever since the execution of the deed to this time, the plaintiff has lived on and occupied the farm as his own, paying no rent. *Tamesin Stoddard* paid for the plaintiff's use about 300 dollars, which, if not a gift, is admitted to be a proper charge upon the land. She always declared that the estate was holden in trust for the plaintiff; and towards the close of her life she became solicitous that some writing declaring the trust, or conveying the legal title, to the plaintiff, should be drawn and executed by her; but owing to negligence and accident, or some unaccountable cause or delay, it was postponed, from time to time, until she became feeble, sick and deranged. On the 9th of *December*, 1822, she died, intestate, leaving no children. *Leonard Dean* and others, her heirs at law, claim the estate by descent.

The plaintiff averred, that all the facts stated in the bill, were within the knowledge of *Leonard Dean*, and could not easily be proved, by any one else. He therefore sought from him a disclosure of such facts.

The relief prayed for, was, that the defendants should be compelled, by a decree of the court, to execute and deliver to the plaintiff a proper declaration of the trust, or to convey to him the legal title.

The answer of the defendants was a general denial of all the facts alleged.

On the hearing, at *Brooklyn, September* term, 1825, before *Bristol*, J., the plaintiff offered parol testimony to prove the facts set forth in his bill, as a ground of relief; to the admission of which the defendant objected. The court sustained the objection, and rejected the testimony offered. The plaintiff, excepting to this decision, moved for a new trial, on the ground that it was erroneous.

*Cleaveland*, in support of the motion, contended, 1. That the

case disclosed a resulting trust, to prove which parol evidence was proper. He cited 2 *Madd.* 113. [107, 8. *N. Y.* ed. 1817.] 1 *Phill. Evid.* 460, 1. and note. [*N. Y.* ed. 1816.] *Ryall* v. *Ryall*, 1 *Atk.* 59, 60. *Hutchins* v. *Lee*, 1 *Atk.* 447. *Boyd* v. *McLean* & ux. 1 *Johns. Ch. Rep.* 582. *Livingston* v. *Livingston*, 2 *Johns. Ch. Rep.* 537.

2. That the plaintiff having conveyed the estate in question, without receiving the consideration money, he has, as against the grantee and her heirs, a *lien* upon such estate, for the consideration money unpaid. 2 *Madd.* 128. & seq.

*Goddard*, contra, insisted, That in the absence of any allegation of fraud or mistake, parol evidence is not admissible to create a trust. He referred to *Marks* & al. v. *Pell*, 1 *Johns. Ch. Rep.* 504. 598. *Movan* & ux. v. *Hays*, 1 *Johns. Ch. Rep.* 333. 342. Lord *Irnhan* v. *Child* & al. 1 *Bro. Ch. Rep.* 92. *Botsford* v. *Burr*, 2 *Johns. Ch. Rep.* 405. 409. *St. John* v. *Benedict* & al. 6 *Johns. Ch. Rep.* 111. *Bartlett* v. *Pickersgill*, 4 *East* 577. n. *Newl. Con.* 346.

DAGGETT, J. *Leonard Dean* is charged in the bill with the knowledge of the facts, and called upon to disclose on oath. In his answer, he denies all the facts alleged. The plaintiff offers parol testimony, and that only in support of the facts stated as a ground of relief. The judge who tried the cause at the circuit, rejected the proof. It is difficult to imagine how he could have decided otherwise.

There is no allegation of fraud, accident or mistake. It is, indeed alleged, that when the deed was executed, it was agreed by the parties, that the estate should be holden in trust, by the grantee, for the benefit of the grantor, and that *a writing to that effect should be thereafter executed;* that the grantee frequently acknowledged the agreement, but that "owing to negligence and accident, or some *unaccountable cause of delay,* the same was postponed, &c. until she died, without making any writing to declare the trust," &c.

The object of the bill is to effectuate this parol agreement, or, in other words, to convert an estate absolute in the grantee into a mere legal right, and to obtain a decree that the whole *beneficial interest* shall be vested in the grantor, against his clear deed, upon a valuable consideration. acknowledged to have been received, conveying the *entire interest* to the grantee.

Dean
*v.*
Dean.

To do this, would be to counteract the rules of the common law in relation to deeds, or other instruments in writing; and also the statute of frauds and perjuries.

No case or principle has been shown to the court to uphold this doctrine. 2 *Madd.* 113. [107, 8. *N. Y.* ed 1817.] and 1 *Phill. Evid.* 513., [461. *N. Y.* ed. 1816.] and the authorities there referred to, were cited, by the counsel for the plaintiff. They are conversant about *resulting trusts*, which are excepted out of the *English* statute of frauds, which Lord *Hardwicke* declares, in *Lloyd* v. *Spillet*, 2 *Atk.* 150. to be trusts accruing by implication of law; as where an estate is purchased, by one man, and a deed taken in his own name, but the money or consideration given by another; or where a trust is declared only as to *part*, and nothing said as to the rest. 2 *Fonb.* 121. in note. But the only trust pretended, in this bill, is an *express trust*, or in plain language, a contract *by parol*, entirely variant from the deed.

It is also insisted, that the grantee paid no part of the consideration money; and that the consideration money is, according to many modern cases, a lien upon the land as against the vendee and his heirs, and all persons claiming as *volunteers*, or purchasers for a valuable consideration, *with notice*. 2 *Madd.* 128, 9, 30. I am not inclined to examine that doctrine, in this case. It is sufficient to observe, that, in no instance, has it been sanctioned in its extent, in this state. When it shall come under consideration, it will doubtless be fully discussed. But this bill presents no such question. By the plaintiff's allegations, it appears, that the parties to this deed entered into an arrangement, by which the estate granted should be holden in trust. Now, the case turns upon the proof. I am of opinion, that the plaintiff cannot be permitted, according to the established principles of law, to prove the facts on which he urges his claim for relief, by parol testimony.

No new trial ought, therefore, to be granted.

The other Judges were of the same opinion, except PETERS, J., who was not present.

New trial not to be granted.