HUBERT W. TODD *vs.* HENDRICK H. MUNSON AND WIFE.

An express trust in real estate can not be proved by parol.

In suits to enforce contracts, correct mistakes, and punish or prevent frauds, it is often necessary to show incidentally an express trust by parol. The distinction is between such cases and those that are brought simply to establish or enforce a trust.

Declarations made by a grantor with regard to an intended trust some time after the deed was given, are entirely inadmissible as not even tending to show an arrangement for a trust at the time when the deed was given.

A complaint alleged that a conveyance of certain real estate was made to the defendant "without consideration and upon the parol condition and understanding between herself and the grantor that she should hold an undivided half of it in trust for *T.*, and after the grantor's death should sell it and give half the proceeds to *T.*" Held not demurrable on the ground that the agreement of the grantee was alleged to be by parol, as the grantee, having received the benefit of the grant, could be compelled to perform the agreement on her part.

Where the allegations of a complaint or defense, which are manifestly insufficient in substance, are yet traversed and found true on the traverse, it does not necessarily follow that the party in whose favor the issue is found is entitled to judgment.

The case of *Powers* v. *Mulvey*, 51 Conn. R., 432, explained.
Instructions by a grantor to an attorney drawing a deed are not ordinarily
privileged communications. If the grantor had instructed the attorney
to make the conveyance to the grantee in trust, it would be competent for the attorney to testify that such were the instructions.

[Argued December 18th, 1885—decided March 26th, 1886.]

SUIT to set aside a deed, for an injunction, and for damages; brought to the Superior Court.

The deed described in the complaint was dated May 31st, 1883, and was executed by Ambrose Todd and Jane R. Todd, his wife, to the defendant Emily C. Munson, their daughter. The plaintiff, a son, and the only other child of the grantors in the deed, sought by this proceeding to set the deed aside on the ground of the incompetence of the grantor Jane R. Todd, who was owner of the property, and of undue influence exerted by the defendants. The defendants in their answer denied the incompetency and undue influence, and set up an unrecorded deed of the same property from the same grantors to the said Emily, dated June 11th, 1881. To this answer the plaintiff replied that if the last mentioned deed was ever executed, it was obtained by the fraud and misrepresentations of the defendants. The plaintiff afterwards amended his complaint by alleging that the deed of June 11th, 1881, although absolute on its face, was without consideration, and was given upon the parol condition and understanding that the grantee should hold one half of the property for the plaintiff, and after the death of the grantors should sell it and give one half the proceeds to the plaintiff, and in the amended complaint prayed that the deed be reformed so as to express the trust, and that the trust be enforced. The defendants denied the allegations of the amended complaint. The case was heard before *Sanford, J.*, who made the following finding of facts :—

On the trial the plaintiff put in evidence the deed of June 11th, 1881, and proved its execution by the testimony of Julius C. Cable, who was a witness to the deed, and took its acknowledgment. Mr. Cable was then asked by the

plaintiff's counsel (in support of the allegation of the amended complaint that the deed, though absolute in form, was subject to a parol trust in favor of the plaintiff), to state what was said to him by the grantor, Ambrose Todd, in the presence of the other grantor, when the deed was drawn, as to its purpose; the plaintiff proposing to prove by him that Mr. Todd declared at the time of the execution of the deed in the presence of Mrs. Todd and of Mr. Cable, "that the purpose of the deed was that Mrs. Munson could hold the property, and, subsequent to the death of Mr. and Mrs. Todd, sell or divide the property, and give half to the plaintiff, Hubert Todd; also that at the same interview it was suggested by Mr. Todd that Mr. Cable should take and hold the deed himself for the purpose indicated."

The witness being examined by the defendants' counsel on his *voir dire*, testified that he was, at the time the deed was drawn, an attorney and counsellor at law and a member of the New Haven County bar; that he then was, and for some time before had been, the legal adviser of the grantors, and that the deed was drawn under his advice and direction as the result of a consultation by his clients with him as to the proper mode of the disposition of the property.

This testimony of Mr. Cable was objected to by the defendants' counsel, as calling for communications between client and counsel, privileged by law. It was upon that ground excluded, and the plaintiff excepted.

The plaintiff, in support of the same allegation of his amended complaint, offered to prove by his own testimony a declaration made by his mother, Mrs. Todd, one of the grantors, to himself, in the winter of 1883, to the effect that " the property was left in such shape that he was to have one half of it when it was disposed of at her death."

To this testimony the defendants objected as inadmissible, 1st, because it was offered as parol evidence to prove an express trust; and 2d, because the claimed declaration was not made until after the execution and delivery of the

deed in controversy.  The evidence was excluded, and the plaintiff excepted.

The plaintiff, in support of the same allegation of the amended complaint, offered the testimony of his wife, Mrs. Hubert Todd, that Ambrose Todd, one of the grantors, during his last illness, which was in May, 1882, made to her declarations of his intentions as to the division of the property conveyed by this deed.  This testimony was objected to by the defendant upon the same grounds as above stated, and excluded, and exception taken.

There was no pecuniary consideration paid by Mrs. Munson to her parents for the property conveyed to her.

She testified that the first time she learned of any claim to the effect that she held the property upon any trust in favor of her brother, Hubert Todd, was after service was made of the complaint in this cause.

Upon these facts the court dismissed the complaint, and the plaintiff appealed.

*T. H. Russell* and *E. P. Arvine*, for the appellant.

1. If the deed of June 11th, 1881, was obtained by Mrs. Munson on the understanding and agreement that she should give half to Hubert Todd and she refuses so to do, or if she knew that the grantors intended the deed for that purpose and expected that she would carry out such intention, and she obtained possession of it knowing that such was their expectation and belief, and now refuses to carry out the same, then she is guilty of fraud, and the court will either enforce the agreement specifically or set the conveyance aside for fraud.  *Peck* v. *Hoyt*, 39 Conn., 9; *Dowd* v. *Tucker*, 41 id., 204.

2. The defendants claim that the declarations of the grantors were inadmissible because the agreement claimed could not be proved by parol.  But it was too late to make this claim, as all objection to the sufficiency of the complaint was waived by the pleadings.  It distinctly sets out as the ground of action a parol agreement in regard to the deed of 1881.  Having answered over to the merits, it is

now too late for the defendants to object that we cannot prove such an agreement. They should have taken the objection by demurrer. *Powers* v. *Mulvey*, 51 Conn., 432; *Trowbridge* v. *True*, 52 id., 190; *Merwin* v. *Richardson*, id., 224. The case of *Trowbridge* v. *True* is on all fours with this, because it was an attempt to raise a question on objection to evidence which should have been raised by demurrer.

3. But the objection, even if not waived, cannot be sustained. The trust claimed in the case can be proved by parol. *Crocker* v. *Higgins*, 7 Conn., 347; *Belden* v. *Seymour*, 8 id., 304; *Parsons* v. *Camp*, 11 id., 525; *Meeker* v. *Meeker*, 16 id., 383; *Church* v. *Sterling*, id., 388; *Collins* v. *Tillou*, 26 id., 368; *Clark* v. *Tappin*, 32 id., 66; *Booth's Appeal from Probate*, 35 id., 168; *Peck* v. *Hoyt*, 39 id., 13; *Dowd* v. *Tucker*, 41 id., 201; *Hubbard* v. *Ensign*, 46 id., 582; *Hoge* v. *Hoge*, 1 Watts, 163; *Foote* v. *Foote*, 58 Barb., 258; *Williams* v. *Fitch*, 18 N. York, 548; *Chamberlaine* v. *Chamberlaine*, Freeman's Cas. in Cha., 34; *Oldham* v. *Litchford*, 2 Vern., 506; *Haigh* v. *Kaye*, L. R., 7 Cha. App., 469; 1 Story Eq. Jur., § 256; 2 id., § 972, note *a*.

4. The English statute of frauds enacted "that all declarations or creations of trust or confidence in any lands, tenements or hereditaments shall be manifested and proved by some writing signed by the party who is by law to declare such trust, or by his last will in writing, or else they shall be utterly void and of none effect." Perry on Trusts, § 73. Our statute expressly leaves out this clause. Gen. Statutes, p. 441. Many of the states have followed the English statute. Perry on Trusts, § 80. It is so in Vermont, Massachusetts and Wisconsin. Perry on Trusts, § 81. In states where the statute of frauds is not in force, trusts may be proved by parol. Perry on Trusts, §§ 77, 85. As the clause forbidding parol trusts is left out of our statute we stand in regard to such trusts in the same condition as those states where there is no statute of frauds.

5. The evidence of the declarations of Mr. and Mrs. Todd, as to the purpose of the deed and disposition of the property, was admissible to show the intent of the deed.

Todd *v.* Munson.

In *Russell* v. *Jackson*, 10 Hare, 204, an action was brought by an heir to set aside a bequest to certain other parties, on the ground that it was given on a parol trust that was void, and evidence was admitted, not only of the instruction to counsel, but of a declaration made to him subsequently. In *Whitney* v. *Wheeler*, 116 Mass., 492, the question was whether a certain act was intended to constitute a gift, and evidence of declarations of the alleged donor, made before and after the alleged gift, was admitted to show a settled state of mind to the contrary. On a question as to whether a will was obtained by fraud, declarations of the intentions of the testator made after its execution were held admissible by our own court. *Canada's Appeal from Probate*, 47 Conn., 462.

6. The evidence of Mr. Cable was admissible. Weeks on Attorneys, §§ 165, 177; 1 Phill. Ev., 162; Wharton on Ev., § 591. It was not against the interest of his clients nor is the objection taken by them or their legal representatives.

*J. S. Beach*, for the appellees.

1. Under the testimony of Mr. Cable as given by him upon his *voir dire*, it was the duty of the court to exclude his evidence. It was not admissible under the well settled general rules of law, as applied to such communications. "The general rule is not disputed, that confidential communications between client and attorney are not to be revealed at any time. The privilege indeed is not that of the attorney but of the client, and it is indispensable for the purposes of private justice." Per STORY, J., in *Chirac* v. *Reinicher*, 11 Wheat., 294. "The rule which holds communications by client to counsel privileged from disclosure, is one of public policy, in the interests of justice, and to maintain its administration." *State* v. *Barrows*, 52 Conn., 326. And upon principle and by logic, as well as by precedent, this excluded testimony is within the class of communications privileged from disclosure. In *Sanford* v. *Remington*, 2 Ves. Jr., 189, the Chancellor held that an attorney should not be permitted as a witness to disclose "the conversation

as to the deed, with regard to what was communicated, or as to the reasons for making it." From *Linthicum* v. *Remington*, 5 Cranch C. C., 546, we quote:—"Mr. Coxe for the plaintiff offered to examine Mr. Marbury as to the facts stated to him by Offut, when he requested Mr. Marbury to draw a deed for him. Mr. Marbury was an attorney and counsellor of this court, and often drew conveyances, and, having been sworn on his *voir dire*, said that he considered the communications as having been made to him in his capacity of attorney, counsellor and conveyancer. The court refused to permit Mr. Marbury to state the facts which were communicated by, and the advice he gave to Offut." In *Lockhard* v. *Brodie*, 1 Tenn. Ch., 384, the head note is:—"An attorney retained by the husband to aid in having land bought by the husband at chancery sale, conveyed to the wife, cannot be heard to disclose any communication made pending the relation, touching the purpose of the conveyance." In *Bank of Utica* v. *Mersereau*, 3 Barb. Ch., 528, the head note reads:—"An attorney employed to prepare a deed should not be allowed to disclose any communication made to him by his client concerning the object and subject matter of such deed." Chancellor WALWORTH, in an elaborate opinion says:—"I think the true principle in reference to privileged communications between attorney and client to be, that where the attorney is professionally employed, any communication made to him by his client, with reference to the object or the subject of such employment, is under the seal of professional confidence, and is entitled to protection as a privileged communication." In *Whiting* v. *Barney*, 38 Barb., 397, it was claimed that as one of the parties had died, and as he might, if living, be called upon to prove the facts which were stated by him to his attorney at the time the deed was drawn, the other party was entitled to the testimony of the attorney. But the court held as to such communications that "the seal of the law, once fixed upon them, remains forever, unless removed by the party himself in whose favor it was there placed." It would be easy, if

needful, to extend this list, by adding authorities, all tending in the same direction.

2. The declarations *claimed* to have been made by the grantors, to the plaintiff and to the plaintiff's wife, after the execution and delivery of the deed to the grantee, were rightly excluded. The word "*claimed*" is emphasized, as indicating the danger of admitting as evidence what a witness says a dead man said, to the end that the court shall thereby find that to be false which the dead man while in life has, under his hand and seal, certified to be true. At the best it is what Lord Coke calls "the uncertain testimony of a slippery memory," but when that memory is lubricated by anticipated lucre, the danger that it may slip and slide beyond the limits of exact truth is so multiplied as to become fearful. Therefore it is that the law interposes, and will not permit any witness, interested or not, to engraft an express trust on an absolute deed by his "word of mouth" statements. An implied or resulting trust may be proved by parol evidence, showing the surroundings of the transaction,—as that, although the grantee named in the deed is *A*, the consideration money paid belonged to *B*; but it is settled law that an express trust cannot be so created. In England and in most of the states the law is so settled by direct enactments of parliament and of legislatures. But in Connecticut it is so settled by the construction which its judiciary has uniformly given to the common law and to the statute of frauds. *Dean* v. *Dean*, 6 Conn., 285, is the leading case on this point, and its authority, though questioned by the Texas courts, has always been accepted as rightly announcing the law of this state. "An express trust in relation to land conveyed by an absolute deed, expressed to be for a valuable consideration received, cannot, in the absence of fraud, accident or mistake, be proved by parol; such evidence being precluded both by the principles of the common law and by the statute of frauds and perjuries. * * * The plaintiff offers parol testimony, and that only in support of the facts stated as a ground of relief. The judge who tried the cause at the circuit rejected the proof. It is

Todd *v.* Munson.

difficult to imagine how he could have decided otherwise. * * * By the plaintiff's allegations it appears that the parties to this deed entered into an arrangement by which the estate granted should be holden in trust. Now the case turns upon this proof. I am of the opinion that the plaintiff cannot be permitted, according to the established principles of law, to prove the facts on which he urges his claim for relief by parol testimony." In *Vail's Appeal from Probate*, 37 Conn., 198, the court say:—" We do not doubt the admissibility of parol evidence to prove an express trust in relation to personal estate, although the rule is otherwise in relation to real estate." But even if the law was not so settled, and if it was open to the plaintiff to offer parol testimony of the declarations of the grantors to prove the claimed trust, such declarations to be admissible must be of a time prior to, or cotemporaneous with, the execution and delivery of the deed. All that need be said on this point is summed up and condensed in Perry on Trusts, § 77, and is sustained by the authorities there cited. " The declarations of the grantor to create a trust must be prior to or cotemporaneous with the conveyance, for it would be against reason and the rules of evidence to allow a man who has parted with all interest in an estate to charge it with any trust or encumbrance after such conveyance." Both of these offered declarations were conceded to have been made, if made at all, one, months, and the other, years, after the delivery of the deed to the grantee.

CARPENTER, J. This action as originally brought was to set aside a deed for fraud and undue influence. The defendants in their answer set up another and prior deed, and the plaintiff, in an amended complaint, asks—1st, to have the prior deed reformed so as to express an alleged trust, and 2d, that the trust be enforced.

On the trial the plaintiff offered to prove the supposed trust by parol, and by the testimony of the attorney who drew the deed. An objection to this testimony was sustained by the court, and, judgment having been rendered

for the defendants, the plaintiff appealed. The objection to the evidence is two-fold—1st, that the offer called for privileged communications ; 2d, that parol evidence is inadmissible to prove an express trust. The court below excluded the evidence on the first ground.

Instructions by a grantor to an attorney drawing a deed are not ordinarily privileged communications. *Hatton* v. *Robinson*, 14 Pick., 416 ; *Hebbard* v. *Haughian*, 70 N. York, 54. The tenth paragraph of the complaint alleges an agreement between the grantors and the grantee that the grantee should hold one half of the property conveyed in trust for the plaintiff. Now if the grantors pursuant to such an agreement had instructed the attorney to prepare a deed expressing therein such a trust, we do not see why it would not be competent for the attorney to testify that such were his instructions. But the difficulty is that the record does not show the precise nature of the communications from the grantors which the plaintiff expected to prove. It appears that he offered to prove by the declaration of one of the grantors made at the time the deed was executed, " that the purpose of the deed was that Mrs. Munson could hold the property, and, subsequent to the death of Mr. and Mrs. Todd, sell or divide the property and give half to the plaintiff." Now it may be that that purpose was the result of his consultation with his attorney—that it was what his attorney advised or directed ; and, on the other hand, it may be that the declaration, whatever it was, was intended as an instruction to the attorney to prepare a deed expressing therein such a trust as the purpose contemplated. This latter supposition however seems to be excluded by the pleadings ; for it is not alleged that the deed was not written according to the instructions ; it is not alleged even that the deed is not just as the grantors intended it should be. We are thrown back then upon an express parol trust as the object of the proof to be gathered from the declarations. As it is possible that such a trust can only be shown by bringing before the court the private conferences between the client and his attorney, it is not clear that the court

erred in excluding the evidence on that ground.  But we think the evidence was inadmissible for the reason that an express trust in real estate cannot be proved by parol.  It was so decided in *Dean* v. *Dean*, 6 Conn., 285, and that was recognized as law in *Vail's Appeal from Probate*, 37 id., 198. We are aware of no case in which a contrary doctrine has been held.  The plaintiff's counsel cite several cases which seem to be inconsistent with this principle, but the conflict is in appearance only and is not real.  Property held in trust, like other property, may be the subject of contracts, of mistakes, and of fraud.  In suits to enforce contracts, correct mistakes, and punish or prevent fraud, it is often necessary to show incidentally an express trust by parol.  In considering this subject the distinction between such cases and cases brought simply to establish or enforce a trust, must be borne in mind ; and this distinction will reconcile the cases.  We will briefly notice some of the more prominent cases referred to.

*Crocker* v. *Higgins*, 7 Conn., 342.  A conveyed land to B, B paying therefor about one half the value of the land in money, and agreeing to give C a life lease of the premises. The court enforced the agreement to give a lease.  Performance by A took the case out of the statute of frauds.

*Collins* v. *Tillou*, 26 Conn., 368.  A constituted B his agent to sell real estate and account to him for the proceeds. The land was conveyed to B for that purpose by an absolute deed.  In a suit against B for not accounting, it was held that the purpose for which the deed was given, and the consideration, might be shown by parol.  The fact that he held the real estate in trust did not prevent A from proving B's contract to account for the proceeds of the sale.  Moreover the trust in that case may be regarded as an implied one, being a contingent resulting trust arising from the want of a consideration.

*Booth's Appeal from Probate*, 35 Conn., 168.  Several brothers and sisters purchased land under an agreement that one of their number should take the title and hold it in trust for the mother during her life and after her death

for themselves. The property came into the hands of a sister, who received it with knowledge of the trust, and she sold it to a stranger. After the death of the mother she was held liable to the brothers and sisters for the money received for the land. Two things are noticeable ; first, that the trust for themselves after the death of the mother was a resulting trust, implied from their payment of the consideration, as well as an express one ; second, that there was a contract obligation on the part of the first trustee, which, by the *scienter*, bound the second. To allow her to repudiate the trust would operate as a fraud upon the others.

*Peck* v. *Hoyt*, 39 Conn., 9. A widow deeded land to a person not a relative, upon no other consideration than that she supposed he would be to her a son, and care for and support her as his mother during life. This he refused to do. On a bill to set aside the deed it was held that the circumstances were equivalent to a contract by the grantee to do what the grantor supposed would be done, and the deed was set aside. In that case too, the consideration failing, it may properly be regarded as the case of an implied trust rather than an express one.

*Dowd* v. *Tucker*, 41 Conn., 197. A testatrix being about to make a codicil to her will in favor of another, the beneficiary under the will promised, if the will were allowed to stand, that he would carry out her intentions. On a bill in equity it was held that he held the property in trust for the proposed devisee. But the trust was not express, it was implied. The promise was not to hold the property in trust, but to convey it. Until he did so the law raised the trust. Again, unless he did convey his promise was a fraud upon the proposed devisee, and on that ground the decision rests.

The plaintiff, for the purpose of proving the alleged trust, offered in evidence the declaration of Mrs. Ambrose Todd to himself, and the declaration of Ambrose Todd to the wife of the plaintiff, both declarations having been made some time after the deed was given. This evidence was objected to and excluded. It is difficult to see how these

declarations could even tend to prove the agreement to hold in trust alleged to have been made at or before the time the deed was given. In addition to the objection that it is an attempt to prove an express trust by parol, it is open to the further objection that it is an attempt to prove it by the mere declarations of the grantors long after they had parted with all interest in the property.

It has been suggested that, the deed being without consideration, the purpose of the grantors in giving the deed, as soon as known to the grantee, at any time, became binding upon her. The suggestion is sufficiently answered by saying that it does not appear that any such question was made in the court below, and the reasons of appeal present no such question.

The plaintiff makes another question in reply to the objections to the evidence, and that is, that the complaint having alleged that the trust was by parol, and the defendants not having demurred, the objection is waived and was not properly taken on the trial. In support of this proposition he cites *Powers* v. *Mulvey*, 51 Conn., 432, *Merwin* v. *Richardson*, 52 id., 224, and *Trowbridge* v. *True*, 52 id., 190. The leading case and the one principally relied on is *Powers* v. *Mulvey*. That case seems to have been understood as going further than the court intended to go. The point decided was that, a sufficient defense having been found true, judgment should have been rendered for the defendant. It does not follow that a complaint or defense, found true on a traverse, and which is manifestly insufficient in substance, entitles the party to a judgment. The reasoning of the court must be understood with reference to the facts of the case and must not be applied to facts materially different, especially if such an application will lead to absurd consequences. But, without noticing that case further, we think the complaint in this case is not demurrable. It alleges an agreement by the grantee to own one half of the premises in trust for the plaintiff, and, after the death of the grantors, to sell the same and give one half the avails thereof to the plaintiff. It presents the ordinary case of

one party having received the benefits of a contract refusing to perform it on his part. The fact that the agreement incidentally involved a trust will not prevent the plaintiff from proving the contract. *Crocker* v. *Higgins*, 7 Conn., 342, is a direct authority for holding such a complaint good.

The difficulty with the plaintiff's case is that he does not attempt to prove the case he has alleged. The testimony offered totally fails to establish any contract. It is a bold attempt to prove a trust by the mere naked declarations of the grantors, made in the absence of the grantee at the time, and after the deed was given. We think that cannot be done.

There is no error in the judgment appealed from.

In this opinion the other judges concurred; except PARK, C. J., who dissented.