AUGUSTA C. BUCKINGHAM vs. LAMIRA D. CLARK.

Hartford Dist., Oct. T., 1891. ANDREWS, C. J., CARPENTER, SEYMOUR, AND TORRANCE JS.

A husband and wife, desiring to make gifts of $4,000 to each of their two children, W, a son, and A, a daughter, gave to W a farm worth that sum, and to A $1,200 in cash, and the husband made a will by which he gave her $2,800, "to make her equal with W." Afterwards they thought it best that a note for the $2,800, signed by them jointly and severally, should be given to A, the wife agreeing that if it was not paid by the husband in his lifetime, it should be paid out of the property given to her by his will; he, upon the faith of this agreement,

making a new will giving all his property to her. The note was reduced by payments in the husband's lifetime to $1,650, when a new note for that amount was given, signed by them both, and the old note taken up, the new note being intended as a substitute for the old. After the husband's death the note was presented against his estate and payment refused. In a suit brought against the widow by *A* for equitable relief, it was held—

1. That the property given to the wife by the will, in consideration of which she signed the original note, was a sufficient consideration for her promise.

2. But that, independently of the question of her liability on the note, the wife took the property charged with the trust of paying whatever remained due on the note.

3. That she was bound to pay interest on the principal sum, although the original note was not on interest, the new note, intended as a substitute for that note, providing for the payment of interest and constituting her agreement as to the debt that should be charged upon the property.

[Argued October 8th—decided November 16th, 1891.]

SUIT for the recovery in equity of a sum of money; brought to the Superior Court in Litchfield County, and heard before *Fenn.*, J. Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is fully stated in the opinion.

*J. H. McMahon,* for the appellant.

1. The note was a mere voluntary gift, and as such could not have been enforced against the husband. If it could have been, it can now be enforced against his estate, and the plaintiff has adequate remedy at law. If it could not be now enforced against his estate, it is difficult to see how it can be enforced against the wife.

2. Independently of this consideration, and supposing the note to have been good against the husband, the wife cannot be holden upon it. *Bank of New England* v. *Smith,* 43 Conn., 327 ; *Smith* v. *Williams,* id., 409 ; *Way* v. *Peck,* 47 id., 23 ; *Gore* v. *Carl,* id., 291 ; *Hart* v. *Goldsmith,* 51 id., 479.

3. Our courts have not gone so far as to hold that a constructive trust can arise out of a transaction like this. The defendant's undertaking, as claimed by the plaintiff, was conditional. She was only to pay the note "if not paid in

the lifetime of said Amos." Must not the promise on which a constructive trust is based be absolute and unconditional? Is it consistent with the nature and character of such a trust that its existence should depend upon the result of an inquiry whether certain acts or events necessary to satisfy the conditions of the promise have or have not been performed or happened?

4. It does not appear that the husband would have made a different will if the defendant had not promised. *McCormick* v. *Grogan*, L. R., 4 H. L. Cases, 82, 97; 1 White & Tudor's Leading Cases in Equity (4th Am. ed.,) 353.

*L. D. Brewster* and *F. W. Marsh*, for the appellee.

SEYMOUR, J. It appears from the finding of facts in this case that the defendant and Amos Clark were married in the year 1836. Each brought about the same amount of property, which was mingled and invested together, mainly in the husband's name, and accumulated upon so that said Amos left at his death an estate amounting to $14,000 or more, as the fruit of their industry.

They had two children, namely Walter A. and Augusta. The latter married Andrew Buckingham in the year 1889 and is the present plaintiff.

Before June 17th, 1887, said Amos and Lamira, being desirous of making gifts to their children to the amount of about $4,000 each, deeded to their son a farm valued at that sum, and gave their daughter $1,200. Amos afterward drew up and signed a will containing a legacy of $2,800, to his daughter, " to make her equal with Walter," but finally decided that it would be better to pay the $2,800 in his lifetime, and not require his daughter to wait until his death before the same should be paid. He therefore arranged with his wife for the payment thereof by a note to their daughter, to be executed by them jointly and severally, it being understood by the makers that, if the note was not paid during the husband's lifetime, the wife would pay it, if she outlived him. Whereupon on June 15th, 1887, said Amos made his

will, leaving all his property to his wife, and he and she exe-
cuted and delivered to the plaintiff their joint and several
note for the sum of $2,800, without interest, "to make her
equal with Walter A., her brother." The note was substi-
tuted for the legacy to Augusta contained in the first will,
and the new will was made giving all the property to the
wife, upon the faith and by reason of the promise and agree-
ment of the wife that she would pay the $2,800 out of her
husband's estate if the same was not paid in his lifetime.

Subsequently the $2,800 note was reduced by payments
made by Amos and his wife, so that May 1st, 1889, there
was due $1,650 thereon, for which amount on said day they
signed and delivered to the plaintiff a new note, bearing in-
terest from its date, and took up the old note. When the
latter note was executed Amos declared in the presence of
his wife and daughter that he expected to pay it in his life-
time, as it would be too long for Augusta to wait for it until
his death, and the defendant signed it at the urgent request
of her daughter and husband, who reminded her of her prom-
ise, and with the expectation that it would probably be paid
in his lifetime. But the new note was fully intended by the
parties merely as a renewal and substitute for the original
note reduced as aforesaid. The daughter also expected that
her father would pay the note in his lifetime, but that, if
he did not, her mother would pay it out of his estate if she
survived him. Amos died June 11th, 1889; his will was
duly proved, and the defendant qualified as executrix.

The plaintiff presented her claim on the note to the exec-
utrix within the time limited for presenting claims against
Amos Clark's estate. It was rejected, and the plaintiff duly
notified. Afterwards the plaintiff made demand on the de-
fendant personally, and in accordance with her present claim,
for payment, which was refused. Thereupon the plaintiff
brought her complaint, stating the facts substantially as
above recited, and that said Amos willed his property to
his wife, the defendant, with the expectation and with the
understanding, and with the promise and agreement on her
part, that said amount of $2,800 should be paid from his

estate, if not before paid, and that the defendant took said estate charged with the trust of paying the same therefrom; and praying—(1) that she may be equitably relieved, and receive the full amount of said note with interest from the estate of said defendant by order and judgment and decree of the court; (2) that the court decree her the amount of said note and interest from said defendant; (3) or such other equitable relief as is just and right.

The defendant demurred to the complaint, because " (1st) It appears on its face that the plaintiff has a plain, adequate and complete remedy at law for such cause of action as she therein claims, by the presentation of her claim against the estate of said Amos Clark deceased, and by bringing an action at law within four months after notice to her that her claim was so disallowed, and by action at law against the defendant. (2d) Said complaint shows no legal or valid consideration or promise for which this suit or action could be maintained or recovery had against the defendant in her individual capacity by the plaintiff."

To the relief sought the defendant demurred because, on the facts stated, the plaintiff was not entitled to the relief therein sought. The demurrer was overruled and the defendant answered over.

At the trial the plaintiff claimed that upon the facts as proved the defendant took her husband's estate charged with the trust of paying the amount of said note and interest to the plaintiff. The defendant resisted the plaintiff's claims and insisted that the facts proven did not establish the trust claimed or that said notes were the declaration of any trust or otherwise legally bound the defendant. The court rendered judgment for the plaintiff, agreeably to her second prayer for relief, to recover " the amount of a certain note and interest thereon, being the sum of $1,845.25, and costs."

The defendant appealed, and claims that the Superior Court erred in overruling the demurrer; and also, to state in general terms so much of the appeal as is pertinent under the claims and rulings made at the trial, that the court erred in holding, upon the facts as found, that the defendant took

the estate of her husband charged with the trust of paying
the amount of the $1,650 note with interest, and in holding
the note to be a declaration of the trust claimed in favor of
the plaintiff.

It appears from the record, from which we have quoted
very much at length, that, in the proceedings in the court be-
low, the defence was aimed at the form in which the plaint-
iff sought to assert her rights.    That in some way the
amount of the note ought to be paid out of the property left
by Amos does not seem to have been denied.    Nor is it sug-
gested that it makes any difference to the defendant whether
the claim be first paid out of her husband's estate and she
takes the balance, or whether she takes the entire estate and
pays the claim.    However that may be, the question for our
consideration is, did the Superior Court err in its rulings
upon the questions made before it?

If no note had been given in this case, if the husband,
having made a will containing a legacy to his daughter, had
simply made a new will giving all his estate to his wife upon
her promise to pay the amount of the proposed legacy out of
the estate so willed to her if the same was not paid before
the husband's death, it would not be questioned but that a
remedy in equity could be had.    We need not look beyond
our own reports for an authority in point.    In *Dowd* v.
*Tucker*, 41 Conn., 197, a person upon her death-bed desired
to change her will and give certain real estate to a niece,
and had a codicil prepared for that purpose.    By the will
all the property was given to Tucker, and before signing the
codicil she wished to secure his consent to the change.    After
stating her purpose to him, he replied that she was weak
and need not trouble herself to sign the codicil, but that he
would deed the property to the niece and carry out her
wishes.    Trusting in his promise she did not change her
will.    After her death Tucker refused to convey to the
niece.    On a bill in equity brought to compel him to convey,
it was held that he took the property under a trust for her
which a court of equity would enforce.    It was also held
that the case was one of fraud, it being clearly inferable

from his refusal to convey that he made his promise with an intention not to perform it, and that the procuring of property, either real or personal, upon a promise which the party at the time does not intend to perform, is a fraud. This case is cited as an authority in *Todd* v. *Munson*, 53 Conn., 590.

In the case at bar, however, the defendant claims that the plaintiff is not entitled to equitable relief but must rely upon an action on the note. In this we think she is mistaken. The note, as a note, was, in respect to the payee, a mere voluntary, executory promise to pay, founded upon no valid consideration. In consideration of the husband's leaving all his property to his wife by will, she promised to pay the amount of the note to their daughter. As a note without consideration moving from the daughter, she could not collect it out of her father's estate. For the same reason she could not compel her mother to pay the amount by any form of action, were it not for the consideration which the latter received through the will.

We think the correct way to treat the case was as the plaintiff treated it, namely, as a promise on the defendant's part, in consideration that her husband would leave her all his estate, to pay the amount of the note to the plaintiff; a promise which created a trust in the plaintiff's favor in the property so willed to the wife, for the performance of which a suit in chancery will lie.

The demurrer, then, was properly overruled, because (1) it does not appear that on the face of the complaint the plaintiff has adequate remedy at law against the estate of Amos Clark for such cause of action as she therein claims; nor (2) does the complaint fail to show a legal or valid consideration or promise for which this action could be maintained or recovery had against the defendant in her individual capacity; but, on the contrary, the complaint shows a valid consideration for the trust under which the defendant took the property and for the consequent promise to pay the amount of the note, which promise a court of equity may compel her to perform.

The conclusion also of the court, which was resisted by the defendant, that upon the facts proved at the trial, the claim of the plaintiff that the defendant took the estate of her husband charged with the trust of paying the amount of the note for $1,650 and interest to the plaintiff, was a correct conclusion. And this disposes of all the questions which the record shows to have been raised in the court below, and we have no right to consider any other.

The question of interest does not appear to have been specifically raised. However, inasmuch as the latter note, which provided for the payment of interest, was so substituted for the old note as to render the property received by the defendant subject to the same trust, it is clear that the defendant holds the property subject to the trust of paying the amount of the second note with interest, as she agreed to do.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.