Brown, Admr., v. Butler.

## WILBUR C. BROWN, ADMINISTRATOR, vs. CHARLOTTE D. BUTLER.

Third Judicial District, New Haven, Jan. Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The parties were at issue as to whether the plaintiff's intestate had made a valid gift to the defendant of an interest in a certain vessel. It appeared that he had formerly transferred to $X$ and $Y$, each, $\frac{10}{64}$ interest in the vessel, and that afterwards $X$ had made a bill of sale of his interest in favor of the defendant, and received an equal interest by a conveyance from $Y$. *Held:* —

1. That under General Statutes, § 1094, the declarations of the intestate relevant to the issue must be testified to by one who heard them, and could not be supplied by evidence of the declarations of another person, since deceased, as to what the intestate said to him. The dead cannot thus be made to speak through the dead.

2. That the declarations of $X$, who was not a party to the suit, were not admissible to show how he came to make the bill of sale to the defendant, nor the purpose of the intestate in the transaction.

3. That all the bills of sale which passed between the intestate and $Y$ were properly admitted as tending to show the relations between them, and to sustain the plaintiff's claim that $Y$ was a mere naked trustee for the intestate.

4. That evidence that the defendant held another share of the vessel and collected dividends upon it, but not on the share in controversy, was pertinent to show conduct inconsistent with the beneficial ownership of the interest in dispute; also evidence that a written claim presented by her against the estate made no allusion to her present demand.

Instructions given by a client to his attorney in relation to papers about to be drafted by the latter, which include a statement as to the purpose to be accomplished, are privileged communications equally with those made respecting a subject of contemplated or pending litigation.

It is within the discretion of the trial court to receive a number of books containing check stubs, as a single piece of evidence, and allow counsel to point out whatever may be deemed pertinent to the cause.

Argued January 20th—decided March 9th, 1899.

SUIT to compel the transfer of an undivided interest in a schooner, and for an injunction, brought to the Superior Court in New Haven County and tried to the court, *Elmer, J.;* facts

found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *Error and new trial granted.*

The finding stated these facts: The intestate was the equitable owner of an interest in the schooner *H. H. Hanscom* which stood in the name of one Moulton. He obtained from Moulton a bill of sale of part of this interest, to wit, a $\frac{10}{64}$ share of the schooner to Joseph Holmes, who was previously the owner of a $\frac{10}{64}$ share of the same vessel, and delivered the bill of sale to Holmes in consideration of a $\frac{10}{64}$ share of the vessel executed on August 30th, 1893, at his request by Holmes to Miss Butler, the defendant. Hanscom's purpose in this was to diminish the interest in the vessel, held by Moulton. Miss Butler knew nothing of the transaction. She was engaged to be married to Hanscom, who boarded in her father's family, and also assisted him in keeping his books and in his correspondence. The sitting-room of the house was used as his business office, and he kept his desk and papers there. In 1894, Hanscom showed her the bill of sale to her and told her it was hers, and that if anything happened to him or he died, she was to get it recorded. She did not take it into her possession until after his death, in 1895, when she took it from the desk and had it recorded. It was his apparent intention that if this $\frac{10}{64}$ interest remained in his possession when he died, she should then go into possession, and he thus made a kind of testamentary disposition in her favor.

On these and other facts the court ruled that there was no valid conveyance of title to her, and gave judgment according to the plaintiff's claim.

On the trial, the plaintiff was allowed to introduce an unrecorded bill of sale from Moulton to Hanscom, dated January 11th, 1890, of a $\frac{10}{64}$ share of the schooner in question, which he found among the latter's effects, and also evidence that Moulton held this share in trust for Hanscom, and conveyed it to Holmes by bill of sale dated August 26th, 1893.

The plaintiff was also allowed to prove that Hanscom conveyed a $\frac{2}{64}$ share in the same schooner to the defendant in 1891, on which she afterwards drew the dividends, but that

Hanscom collected all dividends on the $\frac{10}{64}$ share which was the subject of the Holmes bill of sale to her, from its date to his death, and never accounted to her therefor.

The estate of the intestate was represented insolvent, and commissioners were appointed to receive and pass upon claims. The plaintiff was allowed to introduce the written claim presented to them by the defendant, which was for dividends on certain vessel shares which had been conveyed to her, but did not include any claim for dividends on the $\frac{10}{64}$ share in the schooner *H. H. Hanscom*, which was in controversy in this suit.

The plaintiff was produced as a witness, and testified in chief that in 1897 he had a conversation with Holmes, who had since died, in which Holmes said to him that Hanscom had told him (Holmes), when he asked him to execute the bill of sale to the defendant, that he wished it because he (Hanscom) did not want so many vessel shares to stand in one man's name, and that Moulton would transfer to Holmes an interest in the *H. H. Hanscom* of the same amount as that which he (Holmes) would transfer to the defendant.

To show that the defendant received from Hanscom, from time to time, the dividends on the $\frac{2}{64}$ share in the schooner which stood in her name, prior to the transfer to her of the $\frac{10}{64}$ share from Holmes, the plaintiff was allowed to introduce as one exhibit ten books of bank check stubs, which had belonged to the intestate, under the claim that some of the stubs described checks drawn for such dividends.

The plaintiff was allowed to prove that the defendant had testified before the commissioners in insolvency that she had received the dividends on the $\frac{2}{64}$ share, but not on the $\frac{10}{64}$ share.

The defendant called as a witness an attorney at law who had been the attorney of the intestate for many years and up to the time of his decease, and who, pursuant to instructions from him, had drawn the bill of sale from Holmes to the defendant, and asked him what these instructions were, and whether he (Hanscom) expressed any purpose at this time to do anything for the defendant. These questions were ex-

cluded, on the objection of the plaintiff, as calling for privileged communications.

Evidence of letters and oral declarations of Holmes, made after he had executed the bill of sale to the defendant, to the effect that from what the intestate told him he was satisfied that he (Hanscom) meant that the defendant should take a beneficial title, and that the intestate told him he should look after her interest as if it were his own, was excluded, on the plaintiff's objection.

The plaintiff was allowed to introduce in rebuttal bills of sale from Moulton to Hanscom of a $\frac{10}{64}$ share in the schooner *Grace Seymour*, dated in 1888, and from Hanscom to Moulton of the same property in 1889 ; and from Moulton to Hanscom of a $\frac{10}{64}$ share in the schooner *Harry and Grant Seymour*, dated in 1891.

*James H. Webb* and *James E. Wheeler*, for the appellant (defendant).

The transfer from Holmes to the defendant was complete and effectual. Delivery of the instrument of conveyance is, of course, essential to pass the title, but such delivery need not be to the grantee personally. Delivery to a third person, provided it be absolute and unconditional, is sufficient. *Belden* v. *Carter*, 4 Day, 66 ; *Merrills* v. *Swift*, 18 Conn. 262 ; *Woodward* v. *Camp*, 22 id. 457 ; *Camp's Appeal*, 36 id. 88 ; *Moore* v. *Giles*, 49 id. 570. Certainly Holmes had the legal title to convey, and did everything necessary to divest himself of it, and vest it in the defendant. As to the defendant's equitable title : The plaintiff contends that there was no legal delivery of the bill of sale by Hanscom to the defendant, and hence no completed irrevocable gift. The defendant contends there was every requisite of a valid gift. There was the actual vesting in the donee of the legal title, and, so far as delivery was concerned, there was every act which even in the case of a transfer of real estate is technically essential to constitute a legal delivery and a valid deed. *Read* v. *Copeland*, 50 Conn. 472. It is well settled by modern authorities, that choses in action not negotiable, and negotiable paper

not indorsed, may be the subject of a gift, and delivery which vests in the donee equitable title is sufficient without a complete transfer of the legal title. *Camp's Appeal, supra; Miner* v. *Rogers,* 40 Conn. 512; *Guinan's Appeal,* 70 id. 342; *Buckingham's Appeal,* 60 id. 148; *Green* v. *Langdon,* 28 Mich. 221; *Ellis* v. *Secor,* 31 id. 185; *In re Malone's Est.,* 13 Phila. 313; *Love* v. *Francis,* 63 Mich. 181; *Miller* v. *McMechen,* 6 L. R. A. 515; *Worth* v. *Case,* 42 N. Y. 362; *Walker* v. *Crews,* 73 Ala. 412; *Hillebrant* v. *Brewer,* 6 Tex. 45; *McLure* v. *Colclough,* 17 Ala. 89; *Mims* v. *Sturtevant,* 18 id. 359; Thorn. Gifts, §§ 135, 138, 145, 160, 167. It was incompetent for the court to overturn the transfer to the defendant and require a reconveyance of the shares, without having Holmes' estate represented as a party to the action. The defendant did not take the legal title to the shares in question as a resulting trustee for Hanscom. *Ward* v. *Ward,* 59 Conn. 188, cited by the plaintiff, sustains the proposition that where *A* furnishes all the consideration, and causes a conveyance of real estate to be made to *B,* that fact, unexplained, would raise an implication of resulting trust in *B* for *A's* benefit. This presumption, however, is by no means conclusive, and is easily rebutted. In the case at bar, the transaction is not unexplained, and the facts disclosed by the record are more than sufficient to rebut the mere legal presumption of a resulting trust for the benefit of Hanscom. The defendant's objections to evidence were well taken and should have been sustained in each instance.

*E. P. Arvine* and *Rufus S. Pickett,* with whom was *George E. Beers,* for the appellee (plaintiff).

The delivery of the bill of sale from Holmes to Hanscom, was not a delivery to the defendant. Hanscom gave the consideration to Holmes and controlled the transaction. It was not a case where Holmes sold shares or made a gift to the defendant. If there was any gift it was Hanscom's gift; if the defendant was to be a trustee she was not to be Holmes' trustee but Hanscom's. In order that there might be a gift from Hanscom there must be a delivery from him to the de-

fendant. The bill of sale was not essential to the transfer of the interest in the schooner. Vessel property may be transferred by parol. *Fitz* v. *The Amelie*, 6 Wall. 18; *Scranton* v. *Coe*, 40 Conn. 159. Delivery of personal property is never necessary as between the parties in case of a sale. *Price* v. *Heubler*, 63 Conn. 374; *Mitchell* v. *Short*, 113 Ill. 251; *Stevens* v. *Castel*, 63 Mich. 117; *In re Crawford*, 113 N. Y. 560; *Moore* v. *Flynn*, 135 Ill. 74; *Walker* v. *Walker*, 66 N. H. 390; *Williams* v. *Chamberlain*, 165 Ill. 210; *Trustees* v. *Hall*, 48 Ill. App. 536, 544; *Porter* v. *Woodhouse*, 59 Conn. 568, 574. It may be asked where the title to this property was after the conveyance from Holmes to Hanscom. We say in a case of personal property the title passes to him who pays the consideration. The deed, or bill of sale, will be of no effect unless delivered to the intended donee. There was no delivery to the defendant of the bill of sale. It is essential to a gift *inter vivos*, that there should be such a change of possession as to put the subject of gift out of the dominion or control of the donor. 1 Par. Cont. 244; 8 Amer. & Eng. Ency. of Law, 1314; *Wadd* v. *Hazelton*, 137 N. Y. 215; *Basket* v. *Hassell*, 107 U. S. 602. The intention must be that the gift take effect immediately. *Guinan's Appeal*, 70 Conn. 342, 347; *Jennings* v. *Davis*, 31 id. 134, 138; *Hinman* v. *Parkis*, 33 id. 188, 198; Abb. Dig. Title Gift, § 1; *Davis* v. *Seymour*, 59 Conn. 531, 533. The finding that he intended to make a testamentary disposition of this property to her, and that she should take it only in case the shares remained in his possession at the time of his decease, is one which cannot be questioned or reviewed in this court. The doctrine that a donor can by mere declarations, unaccompanied by any delivery, constitute himself a trustee for the donee, has never been recognized in Connecticut, and we think is not the prevailing law. 1 Par. Cont. 245; Thorn. Gifts, § 413; *McCartney* v. *Ridgeway*, 160 Ill. 129; *Beaver* v. *Beaver*, 117 N. Y. 421. The rulings of the trial court upon questions of evidence were correct.

**BALDWIN, J.** Under General Statutes, § 1094, proof of

declarations by Mr. Hanscom as to his purpose in procuring the execution of the bill of sale in favor of the defendant was admissible; but such proof was not supplied by evidence of the declarations of another person, since deceased, as to what the intestate said to him. The dead cannot thus be made to speak through the dead.

There was also error in receiving the declarations of Holmes, in 1897, to the effect that he made the bill of sale in 1893, at Hanscom's request and in exchange for a conveyance to himself of a like interest in the same vessel from Moulton which Hanscom promised him. Had Holmes brought an action to establish a resulting trust in his favor as to the subject of his bill of sale, such declarations might have been properly shown, as admissions against his interest; but in the present suit, to which he was not a party, they could not be brought in, to affect the issues between the administrator and the defendant.

All the bills of sale which passed between Moulton and Hanscom were properly admitted. They tended to show the relations between them, and were relevant to the claim that Moulton held vessel interests in his name which really belonged to Hanscom.

Proof that the defendant held another share in the schooner *H. H. Hanscom*, and collected dividends on that, but not on the share in controversy, was pertinent to show that she did not act as if she were the beneficial owner of the latter. The same considerations justified the admission of the written claim which she presented against his estate, and of the books of check stubs. Her claim was as significant in showing what she did not demand as in showing what she did. Each stub was a memorandum of the deceased as to the payment of money, and it was not denied that some of them contained entries of checks drawn in her favor. These were certainly admissible as tending to prove that such checks were issued, and proof of that was a step towards showing that they were issued for the dividends on her original share in the *H. H. Hanscom*. It was unnecessary to limit the offer to the particular stubs showing entries of dividend payments. Where, as in this instance, a number of stubs are bound up in one book,

it is more convenient to put the whole of them in as one exhibit, and, if there are several such books, it is within the discretion of the court to receive them all, in the same way, as a single piece of evidence, and allow counsel to point out whatever may be deemed pertinent to the cause.

The questions put to the witness who had been the attorney of the intestate, were properly excluded, on the plaintiff's objection. The plaintiff represented the client, and had the same right to insist that privileged communications should not be made the subject of inquiry. Such communications are not alone those which may be made respecting a subject of contemplated or pending litigation. It is often as necessary to secure professional advice from an attorney in regard to drafting papers, as in respect to the conduct of proceedings in court. If, for instance, in this case, the intestate had stated to Mr. Spier that he desired to make a gift to the defendant, without parting with the immediate possession and enjoyment of the property, and asked if this object could be accomplished through a bill of sale from a third party, given without the defendant's knowledge, the advice asked would have been of a confidential nature. *Todd* v. *Munson*, 53 Conn. 579, 588; *Foster* v. *Hall*, 12 Pick. 89. The witness had been allowed to testify that the bill of sale was in his handwriting, and that he had drawn it pursuant to instructions from the intestate. This was as far as the defendant had the right to go.

On the main question in the case—the legal effect of the bill of sale to the defendant—we express no opinion, as the facts found may rest in part on testimony which should have been excluded; nor do we notice some minor rulings upon points of evidence, not likely to recur upon a new trial.

There is error and a new trial is granted.

In this opinion the other judges concurred.