CAROLINE M. KEOUGH, ADM'X
*vs.*
SAMUEL MULFORD KEOUGH

Superior Court          Fairfield County          File No. 58468

MEMORANDUM FILED FEBRUARY 13, 1940.

*Pullman & Comley,* of Bridgeport, for the Plaintiff.

*Cullinan & Cullinan,* of Bridgeport, for the Defendant.

BALDWIN, J.   The complaint, as amended by a more specific statement and an amendment, sets up the conveyance by the plaintiff's decedent, William J. Keough, on February 1, 1932, of certain real estate to his brother, the defendant, without consideration and upon a promise, not in writing, made at or about the time of the conveyance, to reconvey the real estate to the decedent upon demand.

William J. Keough deceased November 9, 1937, and the plaintiff was appointed and qualified as administratrix upon his estate.   It is alleged that plaintiff "has demanded of the defendant a reconveyance of said premises."   No demand by the decedent of a reconveyance by the defendant is alleged.   Plaintiff claims a resulting trust for the estate exists and that defendant refuses to reconvey the premises, and in her claims for relief she asks a judgment that the defendant be declared a resulting trustee for the estate and that he be required to convey the premises to the plaintiff, and other equitable relief.

The more specific statement includes a copy of the deed (Exhibit A), which appears to be in the usual form of warranty deed; it recites a consideration of "one dollar and other valuable considerations", and has the usual *habendum* clause.

The defendant demurs upon the ground (a) that the complaint alleges that defendant promised to reconvey on demand to William J. Keough and that there is no allegation of a demand by William J. Keough; (b) that it appears from the deed (Exhibit A) that the conveyance was for a valuable consideration and that it nowhere appears that the promise was other than an oral or implied promise; (c) that the deed included no condition and no reservation of any interest in the decedent or that the defendant held the same in trust for the decedent; (d) that there is no allegation that the defendant agreed to convey to the plaintiff.

Defendant has also demurred to the first prayer for relief because neither the alleged oral or implied promise to reconvey to the decedent nor the failure to convey to the plaintiff made the defendant a resulting trustee, and he has also by amendment demurred to the other claims for relief because in the complaint there is no allegation of any right or title or beneficial interest in the property nor are there allegations from which such may be inferred, and because such allegations, recited in the demurrer, as the complaint includes, do not entitle plaintiff to any equitable relief.

In the case of *Dean vs. Dean,* 6 Conn. 285, the father of the plaintiff died leaving to the plaintiff a valuable farm. The plaintiff was a man of feeble understanding and incompetent to manage a farm. He was advised by friends to convey the farm to his sister in trust, for the use and benefit of himself, his heirs and assigns. Pursuant to this advice he executed a deed of release, in common form, conveying to his sister and her heirs and assigns, forever, all of his right and title to the farm. The consideration expressed in the deed was "for divers good causes and considerations, especially for the consideration of 800 dollars, received to his full satisfaction of the grantee", but in fact it was without any consideration.

At the time it was agreed that the deed should be made absolute, but that at a future time a formal instrument should be drawn declaring that the deed was executed to her solely with a view to keep the property for the plaintiff's use and benefit and that of his heirs and assigns forever, and that if his sister should pay to the plaintiff any sum of money it should constitute a lien upon the estate in her hands, but that she should have no interest or claim beyond the amount of such advancements. The plaintiff continued to live on and occupy the farm paying no rent. Plaintiff's sister deceased a little over two years after the farm was conveyed to her. She had, during the time she held the title to the farm, always declared that the estate was held by her in trust for the plaintiff, and toward the close of her life she became solicitous that some writing declaring the trust be drawn and executed by her. She deceased, however, without this being done. Leonard Dean and other heirs at law of plaintiff's sister claimed the estate by descent and plaintiff brought an action to compel Leonard Dean and the heirs at law of the deceased sister of the plaintiff to execute and deliver to him a declaration of trust or to convey to him the title to the farm. In the opinion the Supreme Court of Errors,

Daggett, J., at page 287, says: "The plaintiff offers parol testi-
mony, and that only in support of the facts stated as a ground
of relief. The judge who tried the cause at the circuit, rejected
the proof. It is difficult to imagine how he could have decided
otherwise.

"There is no allegation of fraud, accident or mistake. It is,
indeed alleged, that when the deed was executed, it was agreed
by the parties, that the estate should be holden in trust, by the
grantee, for the benefit of the grantor, and that a *writing to that
effect should be thereafter executed;* that the grantee frequently
acknowledged the agreement, but that 'owing to negligence and
accident, or some *unaccountable cause of delay,* the same was
postponed, &c. until she died, without making any writing to
declare the trust', &c.

"The object of the bill is to effectuate this parol agreement,
or, in other words, to convert an estate absolute in the grantee
into a mere legal right, and to obtain a decree that the whole
*beneficial interest* shall be vested in the grantor, against his clear
deed, upon a valuable consideration, acknowledged to have been
received, conveying the *entire interest* to the grantee. To do
this, would be to counteract the rules of the common law, in
relation to deeds, or other instruments in writing; and also the
statute of frauds and perjuries."

The opinion concludes as follows: "By the plaintiff's allega-
tions, it appears, that the parties to this deed entered into an
arrangement, by which the estate granted should be holden in
trust. Now, the case turns upon the proof. I am of the opinion,
that the plaintiff cannot be permitted, according to the estab-
lished principles of law, to prove the facts on which he urges his
claim for relief, by parol testimony."

A new trial was denied.

This case, *Dean v. Dean, supra,* has been cited with approval
in *Johnson vs. Blackman,* 11 Conn. 342, 351; *Todd vs. Munson,*
53 id. 579, 589; *Hausman v. Burnham,* 59 id. 117, 142, 143;
*Andrews v. New Britain National Bank,* 113 id. 467, 472,
473; *Reynolds vs. Reynolds,* 121 id. 153, 159, 160; *Hanney vs.
Clark,* 124 id. 140, 144, 145.

In *Andrews vs. New Britain National Bank, supra,* the court
at the bottom of page 472 and at page 473, said: "Reading the
entire deed by itself there would be no question but that it con-
veyed an absolute estate in fee, so far as the grantors could con-

vey one. The issue, then, reduced to its essence is: Can the parol agreement be made of avail to reduce the apparent absolute estate conveyed by the deed to one for the lives of Long and his wife? In *Dean v. Dean*, 6 Conn. 285, it was held that an absolute quitclaim deed expressed to be upon a valuable consideration could not be converted into a conveyance in trust for the grantor, by proof of an oral agreement to that effect, though there, as here, the grantee was found to have always acknowledged the agreement and had even been solicitous to have it reduced to writing. In *Verzier v. Convard*, 75 Conn. 1, 52 Atl. 255, a similar situation was before us; the deed in that case was a warranty deed, absolute in its terms except that it was conditioned upon the support of the grantor during his life; it was claimed that the conveyance was subject to an oral agreement that at the grantor's death it should be distributed to his heirs; but we held that this agreement resting in parol could not be made of avail."

In *Reynolds vs. Reynolds, supra,* at pages 159 and 160, the court said: "The established law of this State as to the effect to be given a duly executed and delivered deed under seal is conclusive against the plaintiff's contention. The principle recently recited by us in *Andrews v. New Britain National Bank,* 113 Conn. 467, 470, 155 Atl. 838, is, in substance, that the recital of a valuable consideration in the deed is sufficient to rebut any claim of trust resulting at the time the deed was made. 'The modern rule permitting the actual consideration to be inquired into notwithstanding the presence of a seal, cannot be carried so far as to permit proof of an entire absence of consideration for the purpose of nullifying the effect of a deed as a legal act; that is, of denying its legal effect as a conveyance of a specified title to the described promises.' *Hartford-Connecticut Trust Co. v. Devine,* 97 Conn. 193, 196, 116 Atl. 239. An absolute quitclaim deed expressed to be upon a valuable consideration cannot be converted into a conveyance in trust for the grantor, by proof of an oral agreement to that effect. *Dean v. Dean,* 6 Conn. 285."

"Where land is transferred inter vivos upon an intended trust for the transferor or for a third person, but the instrument of conveyance is absolute in its terms and the intention to create a trust does not appear therein, the transferee does not hold the land upon a resulting trust for the transferor, although the intended trust is unenforceable because of the Statute of Frauds. In such a case, the transferee can hold the land for his own

benefit, unless the transfer was made under such circumstances that a constructive trust is imposed in favor of the transferor or third party." Restatement, Trusts §411, pp. 1270, 1271. *See, also,* 26 R. C. L. Trusts §63; *Tarcyak vs. Bakasis,* 120 Conn. 656.

The demurrer is sustained upon all of its grounds.